Syllabus.

# Richmond.

## ROCHESTER GERMAN INSURANCE COMPANY v. MONUMENTAL SAVINGS ASSOCIATION.

January 16, 1908.

Absent, Harrison, J.

1. PLEADING—*Fire Insurance Policy—Non-Assumpsit.*—In an action of assumpsit on a fire insurance policy, the defendant may, under the plea of *non-assumpsit*, show a breach of conditions of the policy avoiding it if the interest of the assured was other than "unconditional and sole ownership," or if "any change in interest, title or possession" took place without notice to the insurer.

2. FIRE INSURANCE—*Sole Ownership of Property—Options—Conditional Sales—Enforceable Contracts.*—Although an insurer of property may have given an option upon it, or made a conditional sale of it, if he cannot specifically enforce his option or contract, he is still the "unconditional and sole owner" of the property, and the risk of loss by fire is his.

3. FIRE INSURANCE—*Unconditional and Sole Ownership—Burden of Proof.*—The burden is upon the insurer to show that when a policy was issued, the insured was not the unconditional and sole owner of the property insured, if that fact be in issue.

4. DEMURRER TO EVIDENCE—*Necessary Inferences.*—Where the only evidence that the insured was not, at the date of the policy, the unconditional and sole owner of the property insured consists of parol evidence offered by the insurer as to a written agreement, neither the date nor terms of which are shown, and the insurer demurs to the evidence, it is not a *necessary* inference that the agreement was in existence when the policy was issued and that the insured could specifically enforce it, and hence these facts will not be inferred.

5. EVIDENCE — *Non-Production of Writing — Presumption — Excuses.*— Where it develops during the trial of an action at law that there is in the possession of the plaintiff a written contract affecting his right to recover in the action, no presumption will be indulged

against him on account of his non-production of the paper where it appears that he was not called upon to produce it, had no notice of any defense which would render the contract material, and, where it does not appear that it was within his power to produce it during the trial. This is especially true on a demurrer to the evidence by the defendant.

Error to a judgment of the Circuit Court of Norfolk county in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

*N. T. Green,* for the plaintiff in error.

*H. G. Avery* and *Gordon Paxton,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is an action of assumpsit upon a fire insurance policy. The policy contains the following clauses:

"The entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership."

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if any change other than by death of an insured takes place in the interest, title or possession of the subject of the insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured or otherwise."

Under the decisions of this court in *Westchester Ins. Co.* v. *Ocean View &c. Co.,* 106 Va. 663, 56 S. E. 584, 1 Va. App. 61, and *Va. Fire &c. Co.* v. *Cace &c. Co., ante* p. 588, 59 S. E. 369, 1 Va. App. 546, decided at the November term, 1907, it was conceded that the insurer was not liable if either of these clauses had been violated by the insured. Neither of these grounds of

defense were specially pleaded, but were made, as was permissible, under the general issue.

During the progress of the trial, it was incidentally mentioned by one of the witnesses of the insured that a man named Williams had some kind of an agreement with the insured for the purchase of the property covered by the policy. Thereupon, the counsel of the insurer, after stating that he had never heard of such an agreement before, proceeded to examine, as his own, two witnesses introduced by the insured as to the existence, date and character of the agreement. While their evidence shows that there was some kind of an agreement or contract in writing between the insured and Williams, it does not appear when it was entered into, or what were its terms. The writing, which the evidence tended to show was at the home office of the insured in Baltimore, Maryland, was not called for by the insurer. Williams was in possession of the property when the fire occurred, but it is conceded that it does not appear when he took possession, or when the contract was made. The evidence shows that the three houses insured were worth about three hundred and fifty dollars each, or $1,050, and they were insured for $600. One of the witnesses stated that Williams was purchasing the property on the contract plan (what that is he does not explain), and was paying five dollars per month as installments or dues— he was not certain which, but thought they were dues; but he had never seen and did not know the terms of the agreement. The other witness, who had seen it, said that it was "what we term an agreement of sale, and I think the agreement stipulates that after he makes a certain number of payments, they would give him a deed. He was to make monthly payments at a stipulated price for the property." But the witness neither states what the stipulated price was, the amount of the monthly payments, nor how many were to be made before the insured would be entitled to a deed. The evidence does not show that the agreement was one which bound Williams to take the property

and pay for it, and which the insured had the right to have specifically enforced, or whether it was an option, or conditional sale, which only bound Williams in the event he elected to be bound.

If the agreement between the insured and Williams was an option, or conditional sale, which did not bind Williams to keep and pay for the property, then the insured was the "unconditional and sole owner" of the property within the meaning of that term.

What is meant by that language was considered and passed upon in the case of *Manhattan Fire &c. Co.* v. *Weill &c.,* 28 Gratt. 389. At page 398 it is said: "This condition does not refer to the legal title, but to the interest of the assured in the property; that he warranted to be no 'other than the entire unconditional and sole ownership of the property.' This was no warranty against liens and incumbrances. His interest was the sole ownership. The fact that he had mortgaged the premises did not make the mortgagee a joint owner with him. The fact that he may have incumbered it with a deed of trust does not make the *cestui que trust* a joint owner. The fact that there may have been liens for taxes, or liens by judgment, did not affect his ownership. He is still sole owner, though he may have encumbered it, or liens may exist against it, and the existence of such is no breach of a condition declaring sole ownership. This is the doctrine of the courts settled by repeated decisions." See also *Woody* v. *Old Dominion &c.,* 31 Gratt, 362, 31 Am. Rep. 732; *Morotock Ins. Co.* v. *Rodefer Bros.,* 92 Va. 747, 24 S. E. 393, 53 Am. St. Rep. 846.

And for like reasons, the insured will be construed to be the unconditional and sole owner, although he may have given an option, or made a conditional sale, which he cannot specifically enforce, and where the risk of loss by fire continues to be his.

In the *Phoenix Ins. Co.* v. *Kerr,* (U. S. Cir. Ct. of App. 8th Cir.) 129 Fed. 723, 66 L. R. A. 569, the evidence was that the

insured bought, paid $6,000, and took title to an elevator. Thereupon, he made a written agreement with other persons to the effect that they should have the possession and use of the property for a monthly rental of $100, and for the payment of the premium on the insurance; that they should be at liberty to pay more than $100 per month, if they saw fit; that if they failed to pay as much as that for two months, the contract should cease, and the insured should retain the moneys he had received; but that if they should continue to make the payments until they should aggregate $6,000 and interest at ten *per cent.*, the insured would convey the elevator to them. When the loss occurred they were not in default. They had paid about $1,200 under that contract, and were in possession of the property. Upon that state of facts the court held that the insured was the sole and unconditional owner of the property, because the parties holding the option were not bound to take or pay for the property and could not be compelled to do so, and the loss by fire would fall upon the insured. See also Cooley's Briefs on the Law of Insurance, Vol. 2, p. 1369, and cases cited.

The burden was upon the insurer to show that when the policy was issued the insured was not the unconditional and sole owner of the property. The insurer demurred to the evidence. By so doing, although there was no evidence as to the agreement in question, except that introduced by itself, it waived all inferences which did not *necessarily* result therefrom. 4 Min. Insts. 831, and cases cited. *Tutt* v. *Slaughter,* 5 Gratt. 364, Michie's Ed. p. 449, where the cases are cited.

It cannot be said, upon the evidence as to the agreement in which neither the date nor the terms of it are shown, that the necessary inference is that it was in existence when the policy was issued, and that it was such a contract for the sale of the property as could be specifically enforced by the accused against Williams.

Under the facts of this case, the non-production of the

written agreement by the insured afforded no presumption—certainly not on a demurrer to evidence—against the insured. The insured was not called upon to produce it; had no notice that any defense would be made which would make the writing material; and, being in another state, it does not appear that it was within its power to produce it during the trial.

Neither does the evidence show that any change took place in the interest, title or possession of the subject of insurance, after the policy was issued. The only change relied on is that which resulted from the agreement of the insured with Williams. It is conceded that it was not shown (and if it were not, it does not appear) when Williams took possession of the property, or when the agreement with him was made.

The other grounds of error assigned in the petition need not be specially considered, as they do not seem to be much relied on, and, if they were, are without merit.

We are of opinion that there is no error in the judgment complained of, and that it must be affirmed.

*Affirmed.*