8014

COOGLER v. CROSBY.

1. MINORS—SERVICE OF SUMMONS—PRESUMPTIONS.—Where there is no affidavit or official certificate of service of minors in the record, but a petition for appointment of guardian *ad litem* reciting such service and answer by guardian, the presumption arises that the Court had before it proof of service.

2. SUCH JUDGMENT is only voidable and can only be attacked by the parties claiming not to have been served, by direct proceeding to have the judgment set aside.

3. WILLS—LIMITATION OF ESTATES.—Under a devise to A. and his children, those children who are alive at death of testator take with A. in exclusion of all after born children.

Before ————, J., Fairfield, ————. Affirmed.

Action by Annie Coogler *et al.* against Sallie Crosby *et al.* Plaintiffs appeal.

*Messrs. A. D. Martin* and *Graham & Sturkie,* for appellants, cite: *Record does not show service on minors and judgment is not binding on them:* Code of Proc. 155. sub. 2; 17 S. C. 439; 23 S. C. 187; 7 Ency. 786-7; 76 Am. Dec. 662; 29 Fed. Cas. 17; 95 Mo. 507; 13 S. C. 201. *As to presumption of regularity:* 18 Wall. 350; 59 S. C. 504; 34 Cal. 391; 10 Ency. Ev. 769; 4 Fed. Cas. 114a. *As to construction of will:* 1 Dess. 331, 499; Bail. Eq. 9; McM. Eq. 345; 11 S. C. 357; 16 S. C. 220; 30 Ency. 727, 742; 37 N. C. 100; 83 Fed. R. 109. *Attacking judgment by parol:* 23 Cyc. 1074; 35 S. C. 94; 24 S. C. 398; 8 S. C. 258; 1 Strob. 1; 13 S. C. 355; 41 S. C. 80; 28 S. C. 119; 19 S. C. 498; 40 S. C. 69.

*Messrs. G. W. Ragsdale* and *J. W. Hanahan,* contra.

*Mr. Hanahan* cites: *Construction of will:* 2 McC. Ch. 256; 1 Strob. Eq. 283; 2 Strob. Eq. 1; 73 S. C. 469. *Is*

*judgment void?* 24 S. C. 401; 48 S. C. 568; *Clarke* v. *Neves,* 76 S. C.

October 2, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The main question involved in this action for partition is whether the Circuit Court ruled correctly in holding that the plaintiffs were bound by a former judgment and sale of the land in pursuance thereof, under which the defendants, who are respondents in the appeal, claim.

The alleged fatal objection to the validity of the former judgment and to its admission in evidence was that there was not found in the record the requisite proof of service on some of the plaintiffs who were then infants. The record did not contain the affidavit or official certificate required by law, but it does contain petitions duly signed for the appointment of guardians *ad litem* for the infants, reciting the service on the infants, the answer of the guardians *ad litem* on behalf of the infants, and the judgment of the Court of Common Pleas directing a sale of the land, dated September 23, 1880.

"All presumptions must be indulged in favor of the jurisdiction of a Court of general jurisdiction. To avoid such a judgment for want of jurisdiction the jurisdictional defects must appear affirmatively on the record." *Ex parte Gray,* 48 S. C. 566, 26 S. E. 786. The entire absence of proof of service is not to be taken as conclusive evidence that no such service was made: on the contrary the Court before which the judgment roll is offered in evidence must presume that the Court, on the hearing of the case in which the judgment was rendered, had before it proper proof of the service of the summons, or it would not have rendered the judgment. *Montgomery* v. *U. S. Fidelity and Guaranty Co.,* 90 S. C.; *Ex parte Pearson,* 79 S. C. 30, 60 S. E. 706; *Voorhees* v. *Jackson,* 10 Peters, 449, 9 L. ed. 447.

In such case the judgment is not void on its face, and the only remedy of a party claiming not to have been served is by a direct proceeding to have the judgment set aside. The rule on the subject is thus well stated by Mr. Justice Jones in *Clark* v. *Neves,* 76 S. C. 484, 57 S. E. 614; 12 L. R. A. (N. S.) 298, n.: "When it appears affirmatively on the face of the record that an infant has not been served with summons the infant is not bound by the proceedings. *Bailey* v. *Bailey,* 41 S. C. 337, 19 S. E. 669. If the record is silent as to such jurisdictional matters with respect to a Court of general jurisdiction, it will be presumed that what ought to have been done was done; but when the record discloses the manner in which service on infants was attempted to be made, there is no presumption that they were served in any other way. *Rice* v. *Bamberg,* 59 S. C. 505, 38 S. E. 209."

The other point made by the appeal involves the construction of the following devise in the will of Jessie Wirick: "I give, devise, and bequeath to Simon Mobley and his children, Shadrack Countee and his children, Hilliard Countee and his children, forever, the balance of the Alston or Martin tract and what is known as the Adam Wirick Piney Woods tract and the Taylor tract." Contrary to the contention of appellants the law is settled that the persons named and their children living at the death of the testator took the land to the exclusion of their children born after the death of the testator. *Meyer* v. *Meyer,* 2 McCord Chancery 213; *Robinson* v. *Harris,* 73 S. C. 469, 53 S. E. 755; 6 L. R. A. (N. S.) 330, n.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.