### 12218

### METROPOLITAN LIFE INSURANCE CO. v. STILL *ET AL.*

#### (138 S. E., 401)

PROCESS—SERVING ANSWER WITH NOTICE OF INTENTION TO APPEAL FROM ORDER SUSTAINING SERVICE SUFFICIENTLY SHOWED DEFENDANT INFORMED OF ACTION BY COPIES LEFT IN MAIL BOX.—Defendant's serving answer to complaint at time of giving notice of intention to appeal from order holding service of summons and complaint, left in mail box, valid, with a reservation that the answer should be considered as such in event Supreme Court sustained order holding such service valid, *held* sufficient to show that defendant was fully informed of pendency of action.

Before J. M. NICKLES, SPECIAL JUDGE, Barnwell, July, 1926. Affirmed.

Action by Metropolitan Life Insurance Company against Mrs. Hope L. Still and others. From an order refusing a motion to set aside service of summons, defendant appeals. Affirmed.

*Messrs. Ninestein & Baxley,* for appellants, cite: *"Personal service:"* Sec. 390, Code Civ. Proc., 21 N. Y. Supp., 1043; 55 N. H., 364; 80 N. C., 200; 32 Cyc., 461; 2 D. & L. 40; 6 D. &. L., 156; 6 S. E., 860; 32 Cyc., 460.

*Mr. Charles B. Elliott,* for respondent, cites: *Statute regarding personal service given reasonable construction:* 21 R. C. L., 1279, 1281; 233 U. S., 854; 20 S. E., 356; 63. So., 892; 1 Bail., 646; 2 McM., 352; 103 S. C., 233. *Court has jurisdiction from the time of the service of the summons in a civil action:* Sec. 396, Code Civ. Proc. *Proof of service:* Sec. 395 Code Civ. Proc.

June 10, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, Special Judge Nickles, refusing the defendant's motion to set aside the service of the summons and complaint in the action which was one for the foreclosure of a mortgage.

The summons and complaint were lodged in the sheriff's office for service. He deputized a young lady, Miss Riley, a clerk in his office, to make the service. She went to the home of the defendant, the residence of her husband's mother, Mrs. Marion Still, in the town of Blackville. The defendant was temporarily absent in Florida at the time. Mrs. Marion Still met Miss Riley at the door, and was told by her that she had a paper to serve upon the defendant Mrs. Hope L. Still. Mrs. Marion Still replied that she would not be responsible for any paper left for the defendant. Miss Riley asked to be allowed to place the paper upon the hall table, which was refused. Miss Riley then stated that she

would place the paper in the mail box on the porch, which she did and retired.

It appears that the defendant returned from Florida at some time between the 31st of May, 1926, and the 17th of June, 1926, at which latter date she made an affidavit in the matter, in which she stated that upon her return she was informed that the paper had been left in the mail box. That was the day upon which her attorneys gave notice of the motion to set aside the service.

It also appears from the affidavit used upon the motion, of her husband S. H. Still, that on June 1st, the day after the paper had been left in the mail box, he looked in the mail box and found the summons and complaint. That the defendant was informed of this fact and carried the papers to her attorneys, admits of no doubt, for on June 17th they served the notice referred to.

The motion was heard by his Honor, Judge Nickles, who filed an order dated July 12, 1926, refusing the motion, holding that the service was valid, and allowing the defendant ten days for answering.

On July 15th, the defendant gave notice of intention to appeal from said order, at the same time serving her answer to the complaint, with this reservation contained in the notice of intention to appeal:

"You will please take notice that the answer to plaintiff's complaint hereto attached is served upon you with this notice for no other purpose except that the same shall be defendant's answer in the event that the Supreme Court should sustain the Circuit Court in its refusal to grant aforesaid motion."

Passing by the question whether this reservation was sufficient to relieve the defendant from a waiver of imperfect service, we think that it was sufficient to show that the defendant was, with the other circumstances detailed, fully informed of the pendency of the action. This answers all the purposes of a summons, and comes within the rule laid

down in *Dill-Ball Co. v. Bailey,* 103 S. C., 233; 87 S. E., 1010.

The judgment of this Court is that the order appealed from be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE PURDY concur.