13816

MILLER v. WHITE

(174 S. E., 17)

Before GRIMBALL, J., Charleston, February, 1932.

*Messrs. Augustine T. Smythe* and *S. Henry Edmunds, Jr.,* for appellant.

*Mr. Paul M. Macmillan,* for respondent,

March 29, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This suit, by Thomas E. Miller, Jr., as plaintiff, against Benjamin White, defendant, commenced in the Court of Common Pleas for Charleston County, is an action for specific performance of an alleged written contract entered into by the plaintiff and defendant, whereby the plaintiff agreed to sell to the defendant, and the defendant agreed to purchase from the plaintiff, a certain lot of land in the City of Charleston, said county and state, and to pay therefor the sum of $1,800.00, payable as follows: "Eight Hundred ($800.00) Dollars cash, and One Thousand ($1,000.00) Dollars secured by a mortgage at six (6%) per cent., payable One Hundred Seventy-five ($175.00) Dollars a year." In his complaint, the plaintiff alleges that, pursuant to the said contract, he duly tendered to the defendant a deed for the said premises, and that the defendant failed and re-

fused to comply with his said contract and refused to pay the consideration provided therein. Based on these allegations, the plaintiff, in his prayer for relief, asked that: "The Defendant be adjudged to specifically perform his said agreement, that he be directed to accept Plaintiff's deed of said premises, and to pay to the Plaintiff the consideration therefor as is provided in the agreement, with interest thereon to the time of settlement, with the costs of this action."

In answering the complaint, the defendant alleged certain defects in the plaintiff's title to the property involved as a reason why he should not be required to comply with the contract, to wit: "That in a foreclosure proceeding in the history of the plaintiff's title, the *Lis Pendens* was filed five months prior to the date of the filing of the Complaint; that one of the defendants in this foreclosure proceeding was not properly served; and lastly, because of these defects, the defendants in the said foreclosure suit have an interest in the property involved and are, therefore, necessary parties to the instant suit."

To the defendant's answer the plaintiff filed a demurrer, which demurrer the Circuit Judge, on the hearing, sustained in a formal order.

In his demurrer it is the contention of the plaintiff that it appears on the face of defendant's answer that the defenses set up therein do not state facts sufficient to constitute defenses to the complaint, on the following grounds:

"1. In that as to the defense in paragraph 4, the fact that the *Lis Pendens* in the foreclosure action of *Thomas E. Miller v. Joseph Porcher and Annie Porcher* was filed January 12, 1923, and the Summons and Complaint was filed June 12, 1923, and the fact that the Original *Lis Pendens* has been lost from the files, is no defense to the present action between the parties hereto, the suit of *Miller v. Porcher* having proceeded to judgment, and there being no showing that subsequent purchasers or encumbrancers have any interest in the property.

"2. In that as to the defense in paragraph 5, the fact that the services of Joseph Porcher in the foreclosure action of *Thomas E. Miller v. Joseph Porcher and Annie Porcher* does not show that such service was made to a person of discretion residing at the residence or employed at the place of business of Joseph Porcher, is no defense to the present action between the parties thereto, the said certificate of service, being sufficient, and cannot be collaterally attacked in the present action.

"3. In that as to the defense in paragraph 6, the alleged defects in the foreclosure action of *Thomas E. Miller v. Joseph Porcher and Annie Porcher,* fail to show that Joseph Porcher and Annie Porcher are necessary parties to the present action, the facts alleged showing that they were properly made parties to the foreclosure action of *Thomas E. Miller v. Joseph Porcher and Annie Porcher,* which action proceeded to final judgment."

We agree with the contention of the appellant as to the defense set forth in paragraph 5 of the answer and think that the same constitutes a proper defense to the action set forth in the complaint. Proper service upon the defendants in a foreclosure suit is necessary to give the Court jurisdiction of the parties. It is observed that in the answer it is alleged in effect, that the plaintiff cannot give to the defendant a good and fee-simple title to the lot in question for the reason that in the action of foreclosure referred to in the answer the proof of service upon the defendants, Joseph Porcher and Annie Porcher, at that time the owners of the property sought to be foreclosed, is defective, "in that the Sheriff's certificate of service only shows that the Summons and Complaint was served upon the defendant, Joseph Porcher, by delivering copy thereof unto and leaving the same with Annie Porcher, wife of Joe Porcher, personally, and does not show that such service was made to a person of discretion residing at the residence or employed at the place of business of such defendant, as required in subdivision 4 of section 434, of the Code of

1932." Of course, for the consideration of the demurrer, the facts alleged in the answer must be accepted as true. The said section of the Code, subdivision 4, reads as follows: "In all other cases to the defendant personally, or to any person of discretion residing at the residence or employed at the place of business of said defendant."

According to the allegations of the defendant, as set forth in his answer, the proof of service in the said foreclosure suit referred to does not comply with the requirement, and we think the defendant should have been permitted to prove, or given an opportunity to prove, the alleged facts, in line with his defense. Of course, this alleged defect may have been cured; for instance, it may be that the said Joseph Porcher appeared in the cause and filed his answer, thereby giving the Court jurisdiction. But no such fact appears in the record, and for the purpose of passing upon the demurrer we must accept as true the allegation of the answer.

It is the contention of respondent that the presumption is that the sheriff made the service at the place required under the law. In this connection respondent quotes the following from 50 C. J., 572: "Where substituted service is shown, it will be presumed, unless the contrary appears, that the place where a copy of the process is stated to have been left was of the character designated by the Statute providing for such service."

In the certificate of service on Joseph Porcher, according to defendant's answer in the case at bar, the place of the service was not stated. Therefore, the question in the case at bar is not answered by the above-stated rule. Neither do we think the case of *Lyles v. Haskell*, 35 S. C., 399, 14 S. E., 829, controlling. If the service on Joseph Porcher was not in compliance with the law of this State, then the Court did not acquire jurisdiction in that case against him by such process, and unless he came into the Court in some other way, thus giving the Court jurisdiction of him, regardless of the improper service he should be made a party to the suit now involved. It is our opinion

that the demurrer should have been overruled as to this defense.

As to the defense set up regarding the filing of the *lis pendens* several months before filing the complaint, in our opinion, the demurrer was properly sustained.

The order of the Circuit Judge is, therefore, modified to conform to the views herein expressed, and the case remanded for trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN: I concur. However, I fear that many judgments have been rendered in the Courts of this State wherein a close examination would disclose this "common error" of service. If so, I prefer to adopt the rule of *communis error facit jus* as expressed in the case of *Herndon v. Moore*, 18 S. C., 339.

MR. CHIEF JUSTICE BLEASE: I concur.