13878

AMERICAN AGRICULTURAL CHEMICAL CO. v. SMITH

(175 S. E., 275)

*Mr. Alva C. DePass,* for appellant,

*Messrs. Robinson & Robinson,* for respondent,

June 23, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, by American Agricultural Chemical Company, as plaintiff, against the defendant, Alfred G. Smith, was commenced in the Court of Common Pleas for Richland County, November, 1933, for the purpose of procuring judgment against the defendant for the amount alleged to be due the plaintiff by the defendant on certain promissory notes, alleged to have been executed by the defendant to the plaintiff, owned and upheld by the plaintiff. The case comes to this Court on appeal from an order of his Honor, Judge Philip H. Stoll, resident Judge of the third judicial Circuit, presiding in the fifth judicial Circuit, in which order his Honor refused a motion to set aside the service of the summons and complaint upon the defendant.

The facts and issues involved are stated in the order of Judge Stoll, and for the reasons stated therein it is the judgment of this Court that the order appealed from be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE BLEASE (concurring) :

In addition to the reasons assigned by Judge Stoll for sustaining the validity of the service of the summons and complaint, the service as made on the defendant was a good one, under the authority of the cases of *Metropolitan Life Insurance Company v. Still et al.,* 140 S. C., 18, 138 S. E.,

401, and *Dill-Ball Company v. Bailey,* 103 S. C., 233, 87 S. E., 1010. In the case first cited, following the rule laid down in the other case, this Court, refusing to upset the service of a summons and complaint, made somewhat irregularly, said the facts were "sufficient to show that the defendant was * * * fully informed of the pendency of the action," and the facts shown answered "all the purposes of a summons." The proof here clearly established that within due time the defendant received notice of the pendency of the action from the service of the summons and complaint made upon his wife.

Furthermore, what the defendant mainly sought was a trial of the action in Lexington County, wherein he claimed was his legal residence. The order of the Circuit Judge granted him what he wished.