14076

McINNIS v. CAULK *ET AL.*

(180 S. E., 340)

*Messrs. J. E. Dudley, Jr.,* and *J. W. LeGrand,* for appellants,

*Messrs. Rogers & Ellerbe,* for respondent.

May 31, 1935.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

For a clear understanding of this controversy and of the issues involved in the appeal, it is necessary to give a brief history of the several proceedings had in the case.

The action, one on a promissory note, was brought by the plaintiff, on September 21, 1932, in the Court of Common Pleas for Marlboro County, in the Fourth Judicial Circuit. It was alleged in the verified complaint that the defendants had executed in favor of the plaintiff, on January 12, 1925, their certain promissory note in the sum of $534.20, due November 1, 1925, and that no part of it had been paid except the interest for four years; the last of such payments having been made in March, 1929. Whether the complaint and summons were served on the defendants is a question in dispute. In any event, it is conceded that the defendants did not answer the complaint or otherwise plead in the cause. On January 27, 1933, the plaintiff, through his attorneys, Rogers & Ellerbe, applied to his Honor, Judge Dennis, in Darlington County, which is also in the Fourth Judicial Circuit, for an order of judgment by default. The application was granted; Judge Dennis stating in his order that it appeared that the summons and complaint had been duly served. On February 20, 1933, the judgment was entered in the office of the Clerk of Court for Marlboro County.

On September 29, 1934, the defendants procured from his Honor, Judge Johnson, a rule requiring the plaintiff to show cause before him why the judgment should not be set aside. The order was based upon affidavits of the petitioners, in which they stated that they had not signed the note in question and that the summons and complaint in the action had never been served upon them. On October 8, 1934, the matter was heard by Judge Johnson on the rule and plaintiff's oral return thereto, and on affidavits and other papers submitted by the parties. The plaintiff presented the affidavit of one W. L. Fletcher, which was to the effect that he had served the summons and complaint in

the action on the defendants, on October 4, 1932, by serving them personally upon Mrs. Hattie Caulk at her residence in Marlboro County, and leaving with her copies thereof for herself and her husband, C. C. Caulk, the other defendant. There was also offered by plaintiff a letter from Tison & Miller, attorneys, to Rogers & Ellerbe, dated October 7, 1932, in which it was stated that the former "appear for the defendants in the case," and that the Caulks were anxious to see the note that the plaintiff claimed he had against them, and requested counsel for McInnis to let them have it for that purpose; and that "pending the above we ask that you extend time in which to answer." This request was granted, as indicated by a receipt of Tison & Miller, dated November 16, 1932, in which it was stated that the note was delivered to them only for the purpose of showing it to Mrs. Hattie Caulk. There was also before Judge Johnson a letter from Tison & Miller to Rogers & Ellerbe, dated January 16, 1933, in which they requested the latter to disregard the letter the former had written them with respect to the case of *McInnis v. Caulk,* and suggested that Rogers & Ellerbe might take judgment by default. There was also presented an affidavit of H. I. Ellerbe, Esq., of the firm of Rogers & Ellerbe, to the effect that on October 3, 1932, he delivered to the sheriff's office in Marlboro County copies of the summons and complaint in this action, and that he was shortly thereafter informed by W. L. Fletcher that these papers had been served on the defendants on October 4, 1932, and to the best recollection of deponent he obtained from Fletcher proof of such service and that it was filed with the judgment at the time of its entry. He also stated that he had been permitted to inspect the files of Tison & Miller, attorneys in the matter, "and the two copies of the summons and complaint served on the Caulks appeared therein." Judge Johnson dismissed the rule and ordered that all papers before him be placed in the judgment roll in the office of the Clerk of Court for Marlboro County.

Thereafter, on October 24, 1934, the defendants again applied to Judge Johnson for a rule against the plaintiff, presenting their verified petition, in which they alleged, among other things, that they had not signed the note in question and that the summons and complaint had not been served upon them. They prayed that the judgment taken in the case be declared null and void, or that it be reopened and they be allowed to plead their defenses, and that in the meantime the plaintiff and all others be enjoined from further proceedings in connection therewith. On this petition Judge Johnson granted a restraining order and directed the plaintiff to show cause before Judge E. C. Dennis why the relief asked for should not be granted. Later he rescinded so much of this order as attempted to enjoin and restrain execution. The plaintiff made return to the rule, alleging that Judge Johnson, in the hearing before him, had determined that the service was regular and sufficient; and that, so far as the proceedings to open up and set aside the judgment were concerned, the petitioners had had their day in Court, and that the matter was *res adjudicata.* Judge Dennis held, in an order dated November 26, 1934, that in the matter of the service the order of Judge Johnson was binding upon him, and denied the petitioners' request for relief on that ground. As to the further position that he did not have jurisdiction to give judgment by default, at chambers in Darlington County, in an action brought in Marlboro County, in the same judicial circuit, and in which there was nothing to submit to a jury, he concluded and held, under his interpretation of the statutes and the rules of Court, that he did have jurisdiction in the matter, and dismissed the rule to show cause. From the several orders referred to, this appeal is taken.

On the hearing before this Court, the appellants, defendants below, exhibited the judgment roll in the case for the purpose of showing—and it so appeared —that it contained no proof of service. Counsel for the

respondent argue that, at the time the judgment was taken, the roll did contain such proof, but that it was thereafter lost or misplaced. However that may be, we think there was ample evidence to sustain the conclusion reached by Judge Johnson. In addition to the affidavits filed by the respondent asserting the fact of service, the defendants did not deny that they retained, a few days after the action was commenced, Messrs. Tison & Miller, a reputable law firm, to appear for them in the matter, as shown by letters of these attorneys to Rogers & Ellerbe, counsel for the respondent, and the affidavit of H. I. Ellerbe, Esq. In fact, it was stated in the affidavit of Ellerbe and not denied by the appellants, that the files of Tison & Miller contained the copies of the summons and complaint which had been served upon the defendants. Furthermore, no attempt was made to refute the statement that these attorneys sought to obtain from Rogers & Ellerbe an extension of time in which to answer the complaint. Under the showing made by the respondent, we think the argument of the defendants that Judge Johnson committed error in concluding that there was any proof of service is clearly without substantial merit.

The main contention of the appellants is that the Court below was in error in not holding that Judge Dennis, under Rule 37 of the Circuit Court, "was without jurisdiction to give judgment by default in Darlington County, when the record showed on its face that the action was triable in Marlboro County."

We do not agree with this position. Section 37 of the Code of 1932 provides that: "All regular and special Judges shall have at chambers in any county within the circuit in which they are resident or in the circuit in which they are assigned to hold Court, all powers and jurisdiction, which they have and exercise in open Court in any county within said circuit, except for the determination of such matters as necessitate trial by jury." See, also, Section 36.

As we have said, Marlboro County and Darlington County are both in the Fourth Judicial Circuit, and Judge Dennis, whose home is in Darlington County, is the resident Judge of that circuit. This action was brought in Marlboro County, and it is conceded that there was nothing in the case which required the submission of any question to a jury. In these circumstances, it will be agreed that Judge Dennis could have granted the order of judgment in open Court in Marlboro County; this being true, it is clear that he had jurisdiction and power, under the sections of the Code referred to, when they are correctly construed, to grant the order at chambers in any county in the Fourth Judicial Circuit.

If Rule 37 of the Circuit Court, relied on by the appellants, was intended to apply to cases of this kind, then such rule, if found to be inconsistent with the law cited, must give way to the statutes as interpreted by this Court.

The exceptions are overruled, and the orders appealed from are affirmed.