14453

CAMPBELL v. HOME INSURANCE CO.

(191 S. E., 71)

July, 1936.

*Messrs. Willcox, Hardee & Wallace* for appellant,

*Messrs. Leppard & Leppard,* for respondent,

March 15, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

It appears from the "Statement" appended to the record that S. N. Campbell conveyed to J. A. Campbell, by deed dated August 12, 1912, a tract of land containing 61 acres, and on the same day conveyed to John S. Campbell a tract of land containing 69 acres, adjoining that conveyed to J. A. Campbell.

January 3, 1919, J. A. Campbell mortgaged the 61-acre tract to A. T. Davis, which mortgage was duly recorded.

The 13th day of June, 1919, J. S. Campbell executed a mortgage of the 69-acre tract to the Federal Land Bank of Columbia, and this mortgage was duly recorded in the office of the Clerk of Court for Chesterfield County, and stands there unsatisfied.

At a later date, not stated in the record, J. S. Campbell executed a mortgage to the Bank of Cheraw and Chesterfield County, which was a second mortgage of the 69-acre tract.

March 9, 1931, the receivers of the Bank of Cheraw and Chesterfield County brought action to foreclose this second mortgage, in which action a decree of foreclosure was granted dated April 11, 1931. The premises were sold December 7, 1931, and on January 15, 1932, a deed thereto was made to the receivers of the bank by the Master. It does not appear whether the Federal Land Bank of Columbia was made a party to this action.

The 27th day of April, 1920, J. A. Campbell sold to J. S. Campbell nine acres of the 61-acre tract mortgaged to A. T. Davis, and gave him bond for title which was not recorded.

The dwelling which was insured was built on this part of the 61-acre tract.

In 1930, A. T. Davis brought action to foreclose his mortgage on the 61-acre tract, which action resulted in a decree of the Court under which the premises were sold by the Master on the 2d of February, 1931, and bid in by A. T. Davis, to whom deed was made dated February 27, 1931, and recorded February 28, 1931.

February 23, 1931, J. S. Campbell applied for and received from the appellant, the Home Insurance Company, a policy on the house spoken of above, in the sum of $500.00, and running for one year.

It is in evidence that A. T. Davis established his line some time in April, 1931, but no survey thereof is in the record. September 28, 1935, Judge Dennis ordered the premises surveyed, which survey was made by T. E. Wilson, civil engineer, whose plat of the survey dated December 3, 1931, is attached to this record. By this plat it appears that the house which was burned was situated on the nine acres of the 61-acre tract, for which nine acres J. A. Campbell had given to J. S. Campbell a bond for title in 1920.

October 29, 1932, A. T. Davis brought action against the Home Insurance Company and J. S. Campbell and George Eddins to recover of the Home Insurance Company the

amount of the policy issued to John S. Campbell, February 23, 1931, situated on the nine acres which appeared to be a part of the 61-acre tract, which house was burned on or about October 20, 1931. He claimed that he was, or should be, subrogated to the rights of John S. Campbell in the said policy.

By a second cause of action, he sought to recover $1,200-.00 damages on the ground that George Eddins, agent of the Home Insurance Company, issued the policy to John S. Campbell with knowledge that the house stood upon land owned by plaintiff.

Eddins did not answer and later died.

The Home Insurance Company and John S. Campbell demurred to the complaint. Later Campbell withdrew his demurrer, and answered, and also set up a cross-complaint against the Home Insurance Company, seeking to collect the amount of the insurance.

The Home Insurance Company filed its answer to the cross-complaint of Campbell.

This action came on to be heard by Judge Oxner and a jury; a verdict was directed against A. T. Davis; the issues between John S. Campbell and the insurance company were submitted to the jury, who gave a verdict in favor of John S. Campbell for the amount of the insurance and interest.

This verdict was set aside and a new trial granted "upon general grounds" which are not stated in the record.

The cross-complaint of John S. Campbell against the Home Insurance Company sets up the issuance of the policy, the destruction of the house by fire, and the refusal of the defendant company to pay the amount of the insurance.

For answer to the cross-complaint, the insurance company admits issuing the policy to John S. Campbell, but alleges that the policy was void, and constituted no contract between the parties for reasons thereinafter stated.

Denies knowledge or information sufficient to form a belief as to the truth of the things alleged in Paragraph 2,

except that the house upon which John S. Campbell undertook to procure insurance was destroyed by fire.

Denies the allegations of Paragraph 3, except that it admits that it refuses to pay John S. Campbell for the destruction of the house.

Further answering, and by way of affirmative defense, it alleges:

1. It is a provision of the policy sued on that it should be void, unless otherwise agreed to in writing added thereto, if the interest of the insured in the insured property be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, or if any other change should take place in the interest, title, or possession of the subject of insurance; that said provisions were not changed by any agreement in writing, or otherwise; that said John S. Campbell was not the sole and unconditional owner of the dwelling described, or of the premises on which it was situated at the time the policy was written, which fact was not known to the defendant.

2. That the said premises had belonged to J. A. Campbell, now deceased; had been mortgaged to A. T. Davis, had been sold under foreclosure proceedings brought by A. T. Davis; that the conditions aforementioned and described, which were conditions precedent to becoming or remaining of force, were violated, and the breach thereof is pleaded in bar of any recovery on said policy.

3. That defendant has tendered a return of the $12.50, the amount of the premium paid by John S. Campbell, which he has refused to accept.

The case came on for trial at the July, 1936, term of the Court for Chesterfield County before Judge E. C. Dennis and a jury.

At the conclusion of the testimony, the attorneys agreed that there were no issues of fact for the jury to decide, and the case was submitted to Judge Dennis on the law of the case.

Thereafter Judge Dennis filed an order, so much of which as is pertinent to the determination of this appeal is here reproduced:

"The uncontradicted evidence shows that in February, 1931, Campbell signed a written application to the Home Insurance Company for a policy of insurance on a house in the sum of five hundred dollars and stated in his application that he was the sole owner thereof, that is, that the land on which the house stood was owned by him. Upon this written application a policy of insurance was issued to him. The house was destroyed by fire in October, 1931, while the policy was in force.

"Campbell thought at that time that the house was on his land but he was mistaken as the house was built on an adjoining tract of land through mistake. Campbell built the house a short time before it was insured. There was no fraud in the transaction and none is pleaded.

"The insurance company resisted payment as the policy contained a stipulation that it would be void if the subject of insurance be a building on ground not owned by the insured in fee simple. The contention being that the insured not being the owner of the land on which the house stood the insurance was void as a wagering contract. Campbell relies on Section 7979 of the Code of 1932, which is as follows:

" 'No statement in the application for insurance shall be held to prevent a recovery before a jury on said policy in case of partial or total loss: Provided, After the expiration of sixty days, the insurer shall be estopped to deny the truth of the statement in the application for insurance which was accepted except for fraud in making the application for insurance.'

"This is as if it had been written in the policy and is binding on the insurer.

"It appears to be conclusive of the matter."

August 3, 1936, his Honor filed this additional order:

"It appears that in my order heretofore filed directing a verdict in favor of John S. Campbell, defendant, against The Home Insurance Company, I neglected to pass upon the defendant's, The Home Insurance Company, ground for a directed verdict that John S. Campbell at the time the insurance policy was issued was in possession of a small tract of land, on which the insured dwelling was located, adjoining the sixty-nine acre tract of land, under a bond for title from the owner, and that his interest therein was thereafter divested prior to the destruction by fire of the insured dwelling.

"The testimony shows the facts to be stated, but I hold that these facts are immaterial and do not affect the conclusion reached by me to the effect that the defendant John S. Campbell is entitled to recover.

"It is therefore ordered that the defendant's motion for directed verdict on the aforementioned ground is likewise refused."

Exception 1 urges that it was error to hold that under Section 7979 of the Code of 1932, the insurance company is estopped from contending that the insured house was on land not held by John S. Campbell in fee; and because the evidence shows that the house was on other land of which John S. Campbell was not the owner; and that the contract of insurance was, on the part of John S. Campbell, a wagering contract and it was error not to direct a verdict for appellant.

We think there is no error as charged in this exception. The evident purpose of Section 7979 was to allow an insurance company sixty days in which to ascertain the truth of the allegations of the application for insurance. After that period the insurance company is estopped to deny the allegations contained in the application, except for fraud in making the application. The order appealed from states that there was no fraud in making the

application, nor was any charged. The order is based upon the ground that it is true that the application for the insurance stated that the house to be insured stood upon ground owned by the applicant in fee simple. That the insurance company accepted this statement and issued the policy applied for.

It did not, within sixty days, deny or question the truth of this statement of the applicant, and is now estopped by the provisions of Section 7979 to deny this statement.

This finding is correct, and Exception 1 is overruled.

The question raised by Exceptions 2, 3 and 4, which may be considered together, gives more concern.

These exceptions contend that the issues made therein arise from the provisions of the policy, and do not arise from any statements contained in the application, and that, therefore, the provsions of Section 7979 do not apply. They argue that when the policy was issued, John S. Campbell held a bond for title on the nine acres of land on which the house was built; that thereafter that interest was divested; there was a change in Campbell's title and interest subsequent to the issuing of the policy and before the destruction of the house by fire. Unquestionably, the policy does provide that: "This entire policy shall be void, unless provided by agreement in writing added hereto  *  *  *  if any change, other than by the death of an insured, takes place in the interest, title or possession of the subject of insurance."

This is a reasonable provision of the contract of insurance. If one parts with his interest of ownership and possession of the premises insured, it stands to reason that he loses interest in and care for the safety and protection of the insured property. Provisions of this nature in insurance contracts against loss by fire are everywhere recognized and upheld.

In the case of *Federal Land Bank v. Agricultural Ins. Co.,* 172 S. C., 109, 173 S. E., 295, these facts appear:

"On October 10, 1932, the plaintiff bank commenced suit against the defendant insurance company to recover the sum of $2,400.00 claimed to be due it upon a fire insurance policy issued to one Eugene E. Nettles, with loss payable clause to the bank, as mortgagee.

"The answer of the defendant insurance company was that there had been a change of interest, title, or possession of the insured property in violation of the provisions of the policy, and that the bank had violated the provisons of the mortgage clause in failing to notify the insurance company of such change of interest, title, or possession."

On trial the verdict was for the plaintiff. The defendant company appealed. The pertinent exception was in these words: "That the Court erred in refusing the motion for direction of verdict as to the respondent Federal Land Bank of Columbia, S. C., * * *. the undisputed evidence showed that a change in the interest, title or possession of the insured in the subject of insurance had taken place in violation of the provisions of the policy and that such change not having been notified by the respondent to the appellant within a period of thirty days thereof as provided in the mortgage clause attached to the policy, the policy was void and the respondent was not entitled to recover thereon."

The bank contended that it had bought the mortgaged property under foreclosure proceedings and that notice of a change of interest, title, or possession is not necessary in such circumstances. This Court said: "The bank imposed upon itself the duty of giving notice to the insurance company of any change of ownership within thirty days, and has failed to carry out this duty. The meaning of the clause is perfectly clear and unambiguous. It says that, if the title to the property shall become vested in the bank, it (the bank) shall give notice of such transfer of the title. Not having performed its own prepared contract the bank cannot now be heard to claim the benefit of the insurance which it allowed to become void through its own neglect."

In the present case the interest, title, and possession of the insured property passed out of John S. Campbell between the date of issuance of the policy of insurance, viz., February 23, 1931, and the destruction by fire of the insured property, which was on October 20, 1931. Here was the combination of things which John S. Campbell had agreed, by the contract of insurance set out in the policy, should render the policy void.

"A policy of insurance for a single premium upon a building and the fixtures and stock of merchandise contained therein, a specified sum being placed on each item of property, is avoided by change of title to the building, under a provision of the policy that, if any change takes place in the interest, title, or possession of the subject of insurance, the entire policy shall be void." *Mortt v. Liverpool, etc., Ins. Co.*, 192 N. C., 8, 133 S. E., 337, 47 A. L. R., 645.

"The policy * * * among other things provides: 'This entire policy shall be void unless otherwise provided by agreement in writing added hereto, (a) if the interest of the insured be other than unconditional or sole ownership; or (d) if any change other than by the death of the insured take place in the interest, title or possession of the subject of insurance.' This and like provisions have at all times been held valid by this Court. *Hardin v. Liverpool, etc., Ins. Co.*, 189 N. C., page 423, 127 S. E., 353; *Johnson v. Aetna Ins. Co.*, 201 N. C., 362, 160 S. E., 454 (filed Sept. 30, 1931.)" *Baum v. North River Ins. Co.*, 201 N. C., 445, 160 S. E., 473, 474.

It is proper to say that the judgment in favor of the insurance company was reversed, but on grounds other than those invoked in this case.

"When a policy of fire insurance stipulated that it should cease to be of force in case of 'a change of title or ownership of the property insured,' a conveyance by the insured to another rendered the policy *ipso facto* void." *Farmers' Mut. Ins. Ass'n v. Price*, 112 Ga., 264, 37 S. E., 427.

"A condition in a policy of fire insurance, that the entire policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void in case of any change in the interest, title, or possession of the subject-matter of the insurance, whether by legal process or otherwise, is a reasonable and valid requirement; and, when the insured accepts a policy with this condition in it and commits a breach of such condition, he cannot recover in case the property is destroyed by fire." *Aronoff v. United States Fire Ins. Co.*, 178 Ga., 97, 172 S. E., 59.

"Under a policy of fire insurance, conditioned that it shall be void, unless otherwise provided by agreement indorsed thereon or added thereto, if insured's interest be other than unconditional or sole ownership, or if any change other than by insured's death takes place in the interest, title, or possession of the insured property except change of occupants without increase of hazard, whether by legal process or judgment, or by voluntary act of insured, or otherwise, the insurer is not liable if either clause has been violated by the insured." *Rochester German Ins. Co. v. Monumental Sav. Ass'n*, 107 Va., 701, 60 S. E., 93.

Where a policy stipulates that it shall be void if any change takes place in the title or possession of the property insured, and the insured, without agreement of the company indorsed on the policy, or without its consent, conveys by deed the insured property to another, such conveyance forfeits the policy. *Ritchie County Bank v. Fireman's Ins. Co.*, 55 W. Va., 261, 47 S. E., 94.

It is needless to cite other authorities. It is settled law that the provision of the policy of insurance in this case, that if any change take place in the title, interest, or possession of the property insured, the policy shall be void, is a reasonable and valid provision, and binding on the person who accepts the policy with that provision in it.

It is not denied that the interest, title, and possession of John S. Campbell in the property insured has been divested

since the policy was issued, and before the insured property was destroyed by fire.

The exceptions relating to this issue are sustained.

The fifth exception charges error in directing a verdict in favor of John S. Campbell against the insurance company, and alleges that his Honor should have held that the Federal Land Bank of Columbia was entitled to the judgment.

It does not appear from the record that this question was presented to or passed on by the presiding Judge.

When the Bank of Cheraw and Chesterfield County brought its action to foreclose its mortgage on the land of John S. Campbell, which was junior to the mortgage of the Federal Land Bank on the same property, the Federal Land Bank was not made a party to the action. It was not necessary that it should be. It is not a party to this action.

That bank is represented by a corps of able lawyers, amply well qualified to protect its interest.

There is no merit in the exception.

The judgment of the Court is that the orders and judgment appealed from are reversed, provided the Home Insurance Company pay to John S. Campbell the sum of $12.50, within ten days after it receives notice that the remittitur in this case has been filed in the office of the Clerk of Court for Chesterfield County. If it fails to make such payment within the time specified, John S. Campbell may enter judgment for the sum of $12.50 against the Home Insurance Company.

Mr. Chief Justice Stabler and Messrs. Justices Carter, Baker and Fishburne concur.