14665

ABRAHAM v. NEW YORK UNDERWRITERS INSURANCE CO.

(196 S. E., 531)

*Mr. C. E. Gardner,* for appellant,

*Messrs Joseph L. Nettles* and *Samuel Want,* for respondent,

April 12, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This action has as its basis a fire insurance policy covering a house on a lot of a half acre in extent.

Appellant claimed the property in fee simple. She alleges in her complaint that at the time respondent issued this policy, it had no intention of performing its contract, but intended then to deceive and defraud her. The complaint sought recovery of the sum of $400.00, the face of the policy, and interest, and $2,500.00 punitive damages.

The defense was that appellant in applying for the policy represented herself to be the owner in fee simple of the property upon which the insured house stood; that such representation was not true; that the policy sued on contained the provision that it would be void if the insured shall not be the owner in fee simple of the land upon which the property insured is located. That appellant was not at the time when the policy was issued, nor at the time of the alleged fire, the

owner in fee simple of said property, nor did she have any insurable interest in said property; hence the policy was void.

The matter was referred to the Honorable Chas. E. Sligh, Judge of Probate, as Special Referee, to take the testimony and decide all issues of law and of fact.

By his report, he upheld the contentions of the defendant and dismissed the complaint except that plaintiff have judgment for $16.50, the amount of the two premiums paid by the plaintiff to the defendant.

The case was heard by Hon. E. C. Dennis, Judge of the fourth circuit, on exceptions to the Special Referee's report, and the report was confirmed.

We think the Circuit Judge correctly summed up this case when he stated: "While various other issues are raised by the pleadings and arise from the testimony, it appears to me that the proper disposition of the question whether the plaintiff had any insurable interest in the insured property at the time of the fire is decisive of the whole case. Certainly, without an insurable interest, the plaintiff's claim cannot be supported on any theory that has been advanced in her behalf."

Any interest that appellant ever had in this property passed from her in a foreclosure action which was completed in 1925. On the back of the complaint in the foreclosure action, the following appears:

"Service of the within summons and complaint accepted this 8th day of September 1923.

"Willie X Abraham
his
mark
"Ida Abraham.

"In the presence of Julian T. Coggeshall."

It is the contention of appellant that this acceptance of service of the summons and complaint fails to comply with the requirements of Section 440 of the Code and has no legal effect, and that therefore the Court obtained no jurisdiction over Ida Abraham as defendant in

the foreclosure action. This contention is based upon the fact that the acceptance of service fails to show the place where the acceptance was made.

The order appealed from deals with this question so admirably, we quote with approval therefrom:

"The plaintiff herein does not question the fact that she did actually accept service of the summons and complaint at the time indicated, or that she was afforded every opportunity as a defendant in the foreclosure action to litigate her rights therein; or that in any manner she was prejudiced by the omission of the statement of the place in the form of the acceptance.

"Assuming, without deciding, that the statute is applicable to the facts above stated, the decisions of our Supreme Court are clear to the effect that the omission of the statement of the place of the acceptance of service in the written record thereof does not affect the jurisdiction of the Court or otherwise subject the foreclosure decree and the deed made thereunder to collateral attack. *Middleton v. Stokes,* 71 S. C., 17, 50 S. E., 539, 540; *Lyles v. Haskell,* 35 S. C., 391, 402, 14 S. E., 829.

"In the first of these two cases the Court says specifically that the mode of proof of service is a mere question of practice, ' "and subordinate to the jurisdictional fact that such service was duly made." It is the actual service and the actual residence that determines the jurisdiction of the person, not the proof by which these conditions of jurisdiction are made to appear.'

"In the case of *Coogler v. Crosby,* 89 S. C., 508, at page 509, 72 S. E., 149, the Court said: 'The entire absence of proof of service is not to be taken as conclusive evidence that no such service was made; on the contrary, the Court before which the judgment roll is offered in evidence must presume that the Court, on the hearing of the case in which the judgment was rendered, had before it proper proof of the service of the summons, or it would not have rendered the judgment.'

"In the same case (89 S. C., 508, at page 510, 72 S. E., 149) the Court further says: 'The only remedy of a party claiming not to have been served is by a direct proceeding to have the judgment set aside.'

"In the case of *School District No. 9 v. Fowles,* 87 S. C., 552, 70 S. E., 315, the return of service on an officer of the school district failed to show that the person served was an officer of the district. This fundamental defect was held not to affect the jurisdiction of the Court which rendered judgment against the corporation.

"In the case of *American Agricultural Chemical Company v. Smith,* 173 S. C., 158, 175 S. E., 275, 276, the question decided was whether the defendant had been sued in the proper county, but Chief Justice Blease, concurring in the affirmance of the judgment in the lower Court, expressed an underlying principle involved in the present matter, as follows: 'The service as made on the defendant was a good one, under the authority of the cases of *Metropolitan Life Insurance Company v. Still et al.,* 140 S. C., 18, 138 S. E., 401, and *Dill-Ball Company v. Bailey,* 103 S. C., 233, 87 S. E., 1010. In the case first cited, following the rule laid down in the other case, this Court, refusing to upset the service of a summons and complaint, made somewhat irregularly, said the facts were "sufficient to show that the defendant was * * * fully informed of the pendency of the action," and the facts shown answered "all the purposes of a summons." The proof here clearly established that within due time the defendant received notice of the pendency of the action from the service of the summons and complaint made upon his wife.'

"Even in cases where the record shows no proof of service at all, and therefore shows no compliance with any of the provisions of Section 440 of the Code, the Supreme Court has held that the judgment is not subject to attack, especially after a lapse of several years, and that every necessary presumption respecting the service of process will be invoked to sustain the judgment. *McInnis v. Caulk,* 176 S. C., 399,

180 S. E., 340; *Lyles v. Haskell,* 35 S. C., 391, 14 S. E., 829; *Ex parte Darby,* 157 S. C., 434, 154 S. E., 632.

"Other pertinent authorities illustrating the disregard of our Supreme Court of informalities in the service of process are as follows: *Metropolitan Life Ins. Co. v. Still,* 140 S. C., 18, 138 S. E., 401, is a motion in foreclosure action to set aside service of summons and complaint. Defendant was in another state, and person in defendant's home would not receive papers. Process server left papers in defendant's mail box on porch of her home. Husband found paper next day. Defendant did not return for some days, and then delivered papers to her attorneys to move to set aside service. Court said: 'We think that it was sufficient to show that the defendant was, with the other circumstances detailed, fully informed of the pendency of the action. This answers all the purposes of a summons, and comes within the rule laid down in *Dill-Ball Co. v. Bailey,* 103 S. C., 233, 87 S. E., 1010.'

"*Dill-Ball Co. v. Bailey,* 103 S. C., 233, 87 S. E., 1010, 1011: Motion to vacate judgment for alleged entire absence of service of summons and complaint. Record contained affidavit of service, showing no place of service, but proof showed that service was made by depositing the papers in defendant's mail box, and that defendant's servant found the papers and handed them to him. The Court said: 'The certificate of the sheriff as to personal service and the defendant's affidavit that no summons was served upon him are but the legal conclusions of the sheriff and the defendant, respectively, and are unimportant in view of the facts and circumstances surrounding the transaction. From the testimony it appears that the defendant had notice of the pendency of the action, and knew or should have known that judgment by default would be taken against him if he failed to answer within the time prescribed by law.'

"*Lee v. Storfer,* 159 S. C., 70, 156 S. E., 177, 179: 'The objection made to the service [of summons giving defendant's initials incorrectly] was entirely technical, and the ten-

dency of the Courts is now propertly in the direction of disregarding mere technicalities. * * * The whole spirit of the Code is opposed to the disposition of a cause upon mere technical errors and irregularities.'

"See to the same effect 50 C. J., 487."

The cases of *Cannon v. Haverty Furniture Co.*, 179 S. C., 1, 183 S. E., 469, and *Miller v. White*, 172 S. C., 333, 174 S. E., 17, do not arise under Section 440 of the Code, but arose under Section 434 of the Code with reference to substituted service.

It would therefore appear that the Circuit Judge and the Judge of Probate, Special Referee, correctly reached the conclusion that appellant was divested of all interest in this property by the foreclosure proceedings and had no insurable interest in the burned property, either at the time the insurance was applied for or at the time the property was burned.

The appellant next contends that the failure of the respondent to specially plead fraud on the part of the plaintiff in her application for the policy prevents the respondent from relying upon the absence of ownership of the property by the appellant at the time of the fire. This contention is predicated on Section 7979 of the Code. This statute provides that: "After the expiration of sixty days, the insurer shall be estopped to deny the truth of the statement in the application for insurance which was accepted except for fraud in making the application for insurance."

It is true that if the respondent's defenses were founded upon a misstatement on the part of the appellant in her application for the insurance, the statute would prevent the appellant from relying upon the fraud, unless the same were specially pleaded, if appellant had color of title, coupled with an insurable interest in the property burned. But we are not here dealing with a misstatement in the application. The defense is rested upon the ground that the contract upon which appellant bottoms her action requires her to be the sole and unconditional owner, in fee simple, of the property insured,

and that she was not such an owner either at the inception of the contract or at the time of the fire, and had no insurable interest therein.'

This is not an action to enforce a contract, but an action for the fraudulent breach of the contract. If appellant was not the unconditional owner of the property in fee simple, either at the time the contract of insurance was entered into, or at the time the loss occurred and had no insurable interest therein, then it was a wagering contract or policy, and is absolutely null and void from its inception, as being "contrary to good morals and against public policy." Neither the doctrine of waiver nor the doctrine of estoppel can be invoked to give legality to such a contract. *Hack v. Metz,* 173 S. C., 413, 176 S. E., 314, 95 A. L. R., 196; *Beasley v. Missouri State Life Ins. Co.,* 176 S. C., 156, 179 S. E., 777.

Section 7979 of the Code was intended to prevent insurance companies from escaping liability under policies issued by them where it developed that the party to whom the policy is issued was not the sole and unconditional owner in fee simple of the land on which the burned or damaged building stood, unless a question was made of this fact within sixty days from the inception of the contract. It was never thereby intended to validate contracts which from their very nature have been by the Courts of this State declared null and void by reason of being against public policy and contrary to good morals. This in nowise conflicts with the holding of the Court in the case of *Campbell v. Home Insurance Company,* 183 S. C., 325, 191 S. E., 71, under the facts of that case.

The exceptions to order appealed from are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.