This is a foreclosure suit. The mortgage in question is in the principal sum of $6,000, was made on August 12th, 1927, by Joseph Russo and Anna, his wife, to the Fidelity Title Mortgage and Guaranty Company, was recorded in the Bergen county clerk's office on August 15th, 1927, and covers the premises located at Cresskill Heights Park, Cresskill, Bergen county, New Jersey. *Page 408 
After the execution and delivery of the said mortgage, the mortgagee made several advances thereunder, aggregating the sum of $4,500, after which, and before its completion, the building then in the course of erection upon said premises was practically destroyed by fire. Complainant, who had insured said building against fire under its policy of insurance, thereupon paid the mortgagee the sum of $4,500, representing the amount of the latter's advancements upon the mortgage, and took back from said mortgagee an assignment of its said mortgage, which is the subject of foreclosure in the present suit. Defendant John J. Demarest, alone, has filed an answer and counter-claim, wherein he disputes the priority claimed for said mortgage over his mechanic's lien and seeks a decree requiring complainant to pay him the amount of his lien claim.
It is conceded that the mortgage in question is an advance-money mortgage. As such, it falls within the provisions of section 15 of the Mechanics' Lien law, and the respective claims to priority asserted by complainant, as the holder of said mortgage, and defendant, as a lien claimant, are likewise governed and controlled by the provisions of said section, which provides as follows:
"Every mortgage given or to be given upon lands in this state shall have priority over any claim that may be filed in pursuance of this act to the extent of the money actually advanced and paid by the mortgagee and applied to the erection of any new building upon the mortgaged lands, or any alterations, repairs or additions to any building on said lands, provided, such mortgage be registered or recorded before the filing of such claim."
That the sum of $4,500 was actually advanced and paid out by the mortgagee under said mortgage and that all of said money was applied to and used in the erection of the building then in the course of construction upon the said mortgaged premises, are facts which even the defendant concedes. Nor does the defendant dispute the fact that the said mortgage was duly recorded on August 15th, 1927, and prior to January 17th, 1928, when the defendant filed his lien claim against the said mortgaged premises. Consequently, *Page 409 
it must follow, as an inevitable conclusion, that the mortgage in question is entitled, at least to the extent of the advances thereunder, $4,500, to priority over defendant's mechanic's lien claim. The law is now well settled that where a mortgage is given to secure moneys advanced and actually used for the erection of a building upon the mortgaged premises, such mortgage will be entitled to priority of lien over those of lien claims filed after it has been recorded, although the moneys are advanced as the building progresses and the mortgage was executed after the commencement of the building operations. Young v. Haight,69 N.J. Law 453, and cases following.
Furthermore, it here appears that the said defendant, on September 8th, 1927, executed and delivered a release, whereby he, in favor of said mortgage to the extent of $4,500, released the premises in question from any claim which he may have had thereon by reason of his having furnished materials therefor. Thus, by his own act and instrument he must now be held to be precluded from attempting to reassert the claim to priority, if such he had, which he thereby relinquished.
Defendant predicates his claim to relief on his counter-claim upon the theory that complainant, by the mere taking of the assignment of the mortgage, ipso facto, became legally or equitably obligated to advance the remaining $1,500 of the mortgage moneys under said mortgage. He fails to point to any promise or undertaking on complainant's part to do so, nor does he contend that any such exists. He refers to no authorities in support of his position, nor am I aware of any. That his contention is untenable is demonstrated with all the more force, when it is observed that the original mortgagee itself, under its agreement with reference to the advances to be made upon said mortgage loan, was under no duty or obligation to advance the remaining $1,500 of the mortgage moneys, unless and until the building had first been completed by the mortgagor. Under its said agreement, the mortgagee was entitled to the security of a completed building before it could be called upon or required to pay out the *Page 410 
balance of the mortgage moneys. Concerning this fact, there is no dispute; nor is there any relation to the fact that the building was never entirely completed. Consequently, it is apparent, upon the plainest and most rudimentary principles of law, that the mortgagee was under no legal duty or obligation to advance the balance of this money to its mortgagor, and most certainly, its assignee — in the absence of a promise or undertaking to do so, and here there is none — cannot be required to do so.
As to whether defendant, who is a mere lien claimant and not a party to the mortgage or the agreement relative to the mortgage loan, would be a proper party or in a legal position to enforce the payment of the balance of said mortgage moneys — even if the complainant were under a legal obligation to pay same, and it is not — there is no need of here deciding, nor do I express any opinion thereon.
Apparently realizing the weakness of his position, defendant urges that inasmuch as the building was nearly completed at the time of its destruction by fire, complainant or the mortgagee should be compelled to advance under the mortgage the $1,500 less such sum as it would have then cost to complete the building. But there is here presented an insurmountable legal impediment to the granting of any such relief. As already indicated, the mortgagee under its agreement with the mortgagor relative to the mortgage loan, had agreed, to advance the remaining $1,500 to the mortgagor, only upon the entire completion of the building. Under these circumstances, for this court to require a partial payment of the balance of the mortgage moneys would be tantamount to an attempt on its part to not only change but to make a new agreement between the mortgagee and mortgagor, without their consent, which it, unquestionably, has no right or power to do.
From the foregoing, I am satisfied that the counter-claim should be dismissed and that complainant's mortgage, to the extent of $4,500, plus interest, is entitled to priority over defendant's lien claim, and I will advise a decree to this effect. *Page 411