**FIRST FEDERAL SAVINGS & LOAN ASS'N OF WESTFIELD v. AMERICAN EQUITABLE ASSUR. CO. OF NEW YORK.**

Civ. No. 10075.

United States District Court
D. New Jersey.

June 6, 1949.

520

Augustus C. Nash, Westfield, N. J., Samuel Koestler, Elizabeth, N. J., of counsel, for plaintiff.

Kristeller & Zucker, Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil action on a fire insurance policy. The action is before the Court on motions for summary judgment filed by the plaintiff and defendant pursuant to Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. The present motions rest on the entire record, which at this time consists of the pleadings, affidavits, depositions and exhibits.

## Facts

I. One Fannie Weininger, hereinafter identified as the Owner, the owner of a parcel of land, applied to the plaintiff for a mortgage loan in the amount of $20,000, the proceeds of which were to be used by her to finance the construction of five residential buildings. The loan was approved and granted, and as security therefor the said Fannie Weininger executed and delivered to. the plaintiff a mortgage, dated July 24, 1945, in the full amount of the loan. The full amount of the loan was not paid to the Owner at that time but, pursuant to an oral agreement (Paragraph III), the sum of $4,000 was advanced on December 18, 1945.

II. Thereafter the Owner applied to the plaintiff for a similar loan in the amount of $16,000, the proceeds of which were to be used by her in the construction of four residential buildings. The loan was approved and granted, and as security therefor the Owner executed and delivered to the plaintiff a mortgage dated February 27, 1946, in the full amount of the loan. The full amount of the loan was not paid to the Owner at that time but, pursuant to

the same oral agreement, the sum of $4,500 was advanced on March 21, 1946, and of this sum $4,000 was repaid to the plaintiff in full satisfaction of the advance on the first loan. The first mortgage was thereupon cancelled.

III. The following facts, supported only by the affidavits, are urged by the plaintiff in support of its present motion. We adopt them only for the purpose of discussion.

(a) The plaintiff agreed with the Owner to advance the full amount of the loan in installments as the construction of the buildings progressed and materials were furnished. If was further agreed that the proceeds of each installment were to be applied by the Owner to the payment of a loan granted by the National Bank of Westfield, hereinafter identified as the Bank, to one Jacob Bass, hereinafter identified as the Builder.

(b) The Builder applied to the Bank for a loan in the amount of $5,000. This application was approved, and the Bank accepted and discounted the note of the Builder in the said amount. The proceeds of the loan were deposited in a special account upon which the Builder was permitted to draw for the purchase of materials. The said loan was granted in accordance with an oral agreement approved by the Owner and to which the plaintiff, the Bank, and the Builder were parties.

IV. The defendant issued to the Owner a policy of insurance under which she was insured "against all direct loss by fire" to an amount "not exceeding twelve thousand five hundred dollars." This policy was issued on August 23, 1945, and covered the property described in the mortgage. The policy contained the usual standard mortgagee clause.

V. The pertinent provisions of the policy read as follows:

"In Consideration of the Provisions and Stipulations herein or Added Hereto and of Fifty and No/100 Dollars Premium this Company, for the term of three years from the 23rd day of August, 1945, to the 23rd day of August, 1948 to an amount not exceeding Twelve Thousand Five Hundred and No/100 Dollars, does insure Fannie Weininger, owner * * *, to the ex-

tent of the actual cash value of the property at the time of the loss, * * *, nor in any event for more than the interest of the insured, against all direct loss by fire, * * * to the property described hereinafter * * *.

"Loss, if any, on buildings payable to First Federal Savings and Loan Association, First Mortgagee, subject to conditions of Standard Mortgagee Clause hereon, and remainder if any to 'privilege granted to complete'.

"Mortgage Clause—New Jersey Standard.—Loss, if any, under this policy, shall be payable to the aforesaid as mortgagee * * * as interest may appear, under all present or future mortgages * * *."

VI. Two of the buildings under construction and a quantity of building materials were damaged by three successive fires which occurred on March 12, March 22 and April 8, 1946. The estimated damage was $8,350. The third fire occurred after written notice of cancellation had been given the owner and the plaintiff but before the notice of cancellation became effective as against the plaintiff.

VII. Thereafter on May 14, 1946, liability on the Builder's note having matured on April 29, 1946, the plaintiff advanced to the Owner an additional installment in the amount of $5,000, which was ultimately paid to the Bank in payment of the note. A check in the amount of $5,000, payable to the Owner, was endorsed by her and made payable to the Bank. This advance of additional funds was made by the plaintiff after the defendant's liability under the policy had matured, the last fire having occurred more than a month earlier.

VIII. The plaintiff filed with the defendant a proof of loss dated March 6, 1947 in which it asserted a claim for the full amount of the loss, to wit, $8,350. The Owner did not file a proof of loss. The defendant refused to pay the full amount of the claim, and the present action followed.

■ The liability of the defendant under the policy of insurance matured upon the occurrence of the fires, but its liability to the plaintiff is limited by the express provisions of the contract to the actual value of the plaintiff's insurable interest in the property at the time. The defendant is liable to the plaintiff for the full amount of the loss only if the plaintiff's insurable interest in the property equalled or exceeded the loss at the time thereof. It is our opinion that the value of the plaintiff's insurable interest in the property at the time of the loss did not exceed the amount of the debt then due and owing on the mortgage, to wit, $4,500.

The principal argument of the plaintiff may be succinctly stated as follows: The insurable interest of the mortgagee in the property at the time of the fires was equal to "not only the money which it had actually paid and advanced but the money which it was legally and equitably" obliged to pay thereafter. We cannot agree with this argument. The advance of additional funds to the Owner after liability on the policy had matured, increased the mortgage debt as of the time of the advance, to wit, May 14, 1946, but it did not retroactively increase the value of the plaintiff's insurable interest in the property as of the time of the loss, to wit, March 12, March 22, and April 8, 1946.

The argument seems to be based solely upon the assertion that the plaintiff was under a "legal obligation to make payment of the" additional sum which was ultimately applied to the payment of the Builder's note. We find no authority to support this assertion. It is our opinion that the legal obligation of the plaintiff to make further advances, if there was such an obligation, ceased when the security was partially destroyed by fire. See Lumbermen's Ins. Co. v. Russo, 108 N.J.Eq. 407, 155 A. 388, 389 and 390.

We are willing to concede, but only for the purpose of discussion, that the plaintiff may have been under some obligation to pay the full amount due on the Builder's note; but even this obligation could arise only from a contemporaneous agreement with the Bank. The plaintiff may not, however, cast the burden of this obligation on the defendant by indirection.

■ The defendant's motion for summary judgment is predicated solely upon

the second separate defense, in which it is alleged that the plaintiff was guilty of fraud. It is our opinion that the present record is too meager to support a determination of the issue raised by this allegation. The issue may be determined only upon a trial of it on the merits. It should be noted that this is probably the only issue in fact which need be determined in the trial of this action.

### Conclusion.

The motions for summary judgment are denied.