WASHBURN MILL COMPANY v. FIRE ASSOCIATION OF PHILA-DELPHIA.[1]

January 17, 1895.

No. 9182.

**Insurance Policy — Foreclosure of Mortgage — Notice to Insurance Company of Nonredemption.**

Where property is insured for the benefit of the mortgagee, as its interest may appear, and the mortgage has been duly foreclosed prior to the time of such insurance, and the premium paid by the mortgagee, but the time for redemption not having expired until a period subsequent to the insurance, *held*, that the nonredemption from the mortgage sale by the owner of the premises did not work an alienation of the property, so as to defeat the policy, but that an action might be maintained, in case of loss, without notice to the insurance company of such nonredemption, and a

[1] Reported in 61 N. W. 828.

notation thereof made on the policy, notwithstanding the policy provided that the mortgagee should notify the company of any change of ownership in the property insured, and that it be so noted on the policy.

Appeal by defendant from an order of the district court for. Hennepin county, Hicks, J., granting plaintiff's motion for a new trial. The facts are stated in the opinion of Buck, J. Affirmed.

*Kueffner, Fauntleroy & Searles,* for appellant.

*W. A. Lancaster,* for respondent.

BUCK, J. On June 11, 1892, the Richland County Agricultural Society, a corporation, owned lot 13 in block 13, in the village of Lidgerwood, Richland county, in the state of North Dakota, upon which was situate a one-story frame building. Prior to this time, this society had executed and delivered to the plaintiff a mortgage for more than $400, which mortgage had been duly recorded in the office of the register of deeds of the said county of Richland. This mortgage was foreclosed, and such proceedings had therein that judgment and decree of foreclosure was made by the district court of said Richland county on October 16, 1891, and pursuant thereto the premises were duly sold November 30, 1891, for the amount found due by such judgment, viz. $556.83; which premises were bid in by the plaintiff, and were not redeemed, and a sheriff's deed was duly executed to plaintiff therefor December 19, 1892, and plaintiff thereupon became the absolute owner of the premises. The sheriff's certificate of sale and his deed to plaintiff were duly recorded. In consideration of the sum of $8 paid to this defendant by plaintiff, the defendant made and delivered to the above-named agricultural society its policy and contract of insurance, dated June 11, 1892, whereby it insured said society for the term of one year from the date of the policy against all direct loss or damage to said building by fire, in an amount not exceeding $400. On June 3, 1893, the building covered by the insurance policy was totally destroyed by fire, and on June 10, 1893, the plaintiff duly notified the defendant of such loss and destruction of the building; but the defendant refused to pay such loss, and notified plaintiff that it would not do so, for the reason that the policy was void when written. The defendant's answer contains this allegation, viz.: "Said defendant alleges that at the time mentioned in the complaint said. defendant made and de-

livered its policy of fire insurance, whereby it did insure the said Richland County Agricultural Society for the term of one year, as is set forth in paragraph five of said complaint; but said defendant expressly avers and alleges that by and in said policy and contract of insurance it was expressly provided that loss or damage, if any, under said policy, shall be payable to the Washburn Mill Company, as mortgagee or trustee, as interest may appear. For more particular description thereof see Exhibit A hereto annexed and made a part thereof." This Exhibit A also contained a further clause, as follows: "This insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within-described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property: * * * provided, also, that the mortgagee (or trustee) notify this company of any change in the ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee), and, unless permitted by this policy, it shall be noted thereon, and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void." The defendant company reserved the right to cancel the policy upon giving 10 days' notice. The case was tried before the court without a jury, and judgment ordered for the defendant. The plaintiff moved for a new trial, which was granted by the court below, and the defendant appealed. The error assigned is that no indorsement was had or made in the title to the insured property resulting from the mortgage foreclosure, and the vesting of the fee simple out of the insured society into the plaintiff, nor notice thereof given the defendant, and that there was no authority shown in the purported agent to waive any of these conditions. In the view we take of this case, it is not necessary to discuss the question of the proof as to the power or authority to waive any of the conditions referred to. The defendant itself, in its answer, sets up and admits sufficient facts to justify us in holding, as the law applicable to this case, that the defendant is liable. It will be seen, from the foregoing facts, that when this insurance policy was issued the plaintiff's mortgage upon the insured property had already been foreclosed, and that the foreclosure proceed-

ings were a matter of public. record, and the defendant is presumed to have had notice thereof. But the defendant expressly states in its answer that the insurance policy was issued payable to the plaintiff, the Washburn Mill Company, as mortgagee, as interest may appear. This insurance, then, was given fully as much, or more, for the benefit of the plaintiff as for that of the agricultural society. The defendant knew this fact, and says so, and it knew just what that interest was, viz. a mortgage interest, where the mortgage had been duly foreclosed and the time for redemption had not yet expired. The plaintiff paid the premium or money for the insurance to the defendant. This money the defendant took, kept, and made no effort to return it, or repudiate the insurance contract, until after the fire, and then it sought to repudiate its written agreement upon the ground that it was void in its inception. If this was so, why did it accept and retain the insurance money and issue its policy? The law does not tolerate or sanction such pernicious greed, or allow such contracts to be violated with impunity. It alleges that it did not have notice of the change of title, and therefore, in its innocence and upon its ignorance, it wishes to hold on to the premium money, but defeat the obligation given for its consideration. What was the situation of the property when it was insured, and what was plaintiff's interest therein? It was mortgage interest, with such interest foreclosed. Did the defendant need any further notice of those facts? On the contrary, it insured with a full knowledge of those facts, and it took plaintiff's money for so doing. It knew that within a few months the plaintiff's mortgage rights in the property would ripen into a perfect title, unless the property was redeemed from the foreclosure sale. It must have anticipated just such a state of facts. A notice of foreclosure was useless, because foreclosure had already taken place. There is no question of greater hazard, and none in fact existed. What notice, then, would benefit the defendant, and what was the notice to be given? Was it a notice that a sheriff's deed was given? The law implied that, if there was no redemption, and the defendant knew this. This change of interest was brought about by operation of law, and not by an act of the insured. The title ripened in the mortgagee, and it was this interest, which it had paid its money to protect, as well as the interest which existed prior to the expiration of the time

for redemption. Certainly, the plaintiff had as great, and we may say properly a greater, inducement to protect its property and attend to it with care after the vesting of the title in it than before. There is no claim made that plaintiff did not correctly state its interest in the property. Defendant was in no manner misled, deceived, or its interest jeopardized by any act of the plaintiff. As a matter of fact, it knew the true condition of the property insured, and the plaintiff's rights therein, and it must have known, as a matter of law, that plaintiff would assert its rights in case of loss by fire. There were no facts which could spring into existence to endanger the defendant's risk which it did not know when it issued its insurance policy. We hold, therefore, that there was no such change of interest or ownership in regard to the property or mortgage interest as to legally affect the plaintiff's right, and no other or further notice or acts were necessary to be done on behalf of the plaintiff than were done by it. See Bragg v. New England Ins. Co., 25 N. H. 289; Bailey v. American Ins. Co., 13 Fed. 250.

The order appealed from is affirmed.

MITCHELL, J. I concur in the result, but prefer to put it exclusively on the ground that, under the provisions of the policy, notice to defendant and notation on the policy of the change of ownership resulting from the foreclosure of plaintiff's mortgage were not necessary to preserve the insurance as to plaintiff's interest as mortgagee. The proviso that the mortgagee should notify the defendant of any change of ownership which should come to its knowledge evidently has reference only to changes resulting from the acts of the mortgagor or owner of the equity of redemption.

COLLINS and CANTY, JJ., concur with MITCHELL, J.