PIONEER SAVINGS & LOAN COMPANY v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.[1]

May 7, 1897.

Nos. 10,536—(121).

### Insurance—Condition as to Title.

> Where a policy of fire insurance insuring the mortgagor, loss, if any, payable to the mortgagee, was issued; and it provided that, if the property is sold, or any change takes place in the title, use, or occupation without written permission in the policy, the same shall be void; and also provided that as to the mortgagee the insurance shall not be invalidated by any act or neglect of the mortgagor nor any change in title or possession, provided the mortgagee shall notify the insurer of any change of ownership which shall come to the mortgagee's knowledge, and have permission therefor indorsed on the policy; and during the term of the policy the mortgagee foreclosed the mortgage, and acquired title to the property; and thereafter, and during such term, a loss occurred,—*held*, the provisions of the policy as to a change of title which should come to the mortgagee's knowledge have reference to a change or transfer of title or possession to a third person, not to one from the mortgagor to the mortgagee by a foreclosure.

### Depositions—Time and Method of Objection.

> Depositions were taken on a stipulation which waived all objections except to the competency, relevancy, and materiality of the testimony. The parties appeared, examined and cross-examined the witnesses and took and had noted certain objections to the testimony. *Held*, a party could not, on the trial, take other objections to other parts of the testimony.

Appeal by defendant from an order of the district court for Hennepin county, Russell, J., denying a new trial after a decision for plaintiff. Affirmed.

*McDonald & Fauntleroy and Otto Kueffner*, for appellant.

This policy was not an insurance by the mortgagee of its interest in the property, but the mortgagor was the party insured, and by reason of the mortgagee clause the mortgagee was merely a payee to receive the money as its interest might appear. Brunswick v. Commercial, 68 Me. 313, 8 Ins. Law Jour. 120; Ostrander, Ins. § 287. The mortgagee's interest had disappeared and was not in existence as

[1] Reported in 70 N. W. 979.

such at the time of the fire, having expired when the time of redemption ran out. Brunswick v. Commercial, supra; Essex v. Meriden, 57 Conn. 335, 18 Ins. Law Jour. 699. Washburn v. Fire Association, 60 Minn. 68, does not apply for the reason that the policy in that case was written at the instance of the mortgagee, after the property had been bid in by him at foreclosure sale, the constructive notice of the record of the mortgage foreclosure proceedings was not the notice required by the policy. Wicke v. Iowa, 90 Iowa, 4; Milwaukee v. Niewedde, 12 Ind. App. 145; Turnbull v. Home, 83 Md. 312.

*George D. Emery*, for respondent.

The existence of the mortgage was known to the insurer, and the interest of the mortgagee was the express estate to be protected and for the protection of which the premium was paid. The change of ownership of which notice was to be given was some transfer of title other than that contemplated as possible under the mortgage. Washburn v. Fire Assn., 60 Minn. 68; Billing v. German, 34 Neb. 502. The perfection of title in the mortgagee was the mere operation of law upon conditions existing and contemplated by the insurer at the time of issuing the policy, and which it might well have foreseen. Bragg v. New England, 25 N. H. 289; Bailey v. American, 13 Fed. 250. At any rate, the change of title made the hazard less rather than greater and "a change of title which increased the interest of the insured, whether by sale under judicial decree or by voluntary conveyance will not defeat the policy." Continental v. Ward, 50 Kan. 346; National v. Union, 88 Cal. 497.

CANTY, J. 1. Action on a fire insurance policy. Decision for plaintiff. From an order denying a new trial, defendant appeals.

Plaintiff held a mortgage on a certain tract of land to secure the payment to it of $400, due it from the mortgagor. A policy of insurance was issued by the defendant insurance company, insuring the mortgagor against loss by fire of the building on the mortgaged premises, loss, if any, payable to plaintiff. The policy provides that if the property, or any part thereof, be sold or transferred, or if any change takes place in the title, use, occupation, or possession, whether by legal process, judicial decree, voluntary act, or otherwise, without writ-

ten permission in the policy, the policy shall be void. It further provides that, as to the interest of the mortgagee, the insurance shall not be invalidated by any act or neglect of the mortgagor, nor by any change in title or possession, whether by legal process or voluntary conveyance, provided the mortgagee shall notify the insurer of any change of ownership which shall come to the knowledge of the mortgagee, and have permission for such change of ownership indorsed on the policy; and that, whenever the insurer shall pay the mortgagee any sum or loss under the policy, and shall claim that as to the mortgagor or owner no liability therefor existed, it shall at once, to the extent of the payment, be subrogated to the rights of the mortgagee under any and all securities held by him on the property for the payment of his debt, but such subrogation shall be subordinate to his claim to be paid the balance of the debt so secured.

Default was thereafter made in the mortgage, the same was foreclosed, the plaintiff became the purchaser at the foreclosure sale, the time to redeem expired, no redemption was made, and plaintiff became the absolute owner of the property. Thereafter, and during the term of the policy, a loss by fire occurred. No notice of the change of ownership through such foreclosure was given to the defendant, and it claims that by reason of the failure to give such notice, and have permission for such change indorsed on the policy, the policy is void. This point is disposed of by the case of Washburn v. Fire Association, 60 Minn. 68, 72, 61 N. W. 828. The fact that in that case the mortgagee itself paid the insurance premium, while in this case the mortgagor paid it, does not, as appellant seems to contend, change the meaning of the language of the contract. We held in that case that

"the proviso that the mortgagee should notify the defendant of any change of ownership which should come to its knowledge evidently has reference only to changes resulting from the acts of the mortgagor or owner of the equity of redemption."

The proviso has reference to a change or transfer of title or possession to a third person, not to one from the mortgagor to the mortgagee through a foreclosure.

2. The only other point worthy of consideration is the overruling of defendant's objections to certain portions of the depositions taken on behalf of the plaintiff, and read on the trial. These depositions were

taken pursuant to stipulation, in which it is provided that "all objections to the same are waived except to the competency, relevancy, and materiality of such testimony." Both parties appeared at the taking of the deposition, the witnesses were examined and cross-examined again and again, and a number of objections were taken by each party to questions and answers, and noted by the notary taking the depositions. But on the trial defendant objected to other portions of the testimony to which it had noted no objections at the time of taking the depositions. We are of the opinion that under the circumstances these objections came too late, and the court did not err in overruling them; that by their course of procedure the parties waived all objections which were not made at the time the depositions were taken. G. S. 1894, § 5690, does not apply to the case.

The order appealed from is affirmed.