13786

### FEDERAL LAND BANK OF COLUMBIA v. AGRICULTURAL INS. CO. OF WATERTOWN, N. Y.

(173 S. E., 295)

Before WHALEY, J., County Court, Richland, October, 1932.

*Mr. Joseph L. Nettles,* for appellant,

*Messrs. Harry D. Reed, Frank P. McGowan* and *Robinson & Robinson,* for respondent,

February 19, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

On October 10, 1932, the plaintiff bank commenced suit against the defendant insurance company to recover the sum of $2,400.00 claimed to be due it upon a fire insurance policy issued to one Eugene E. Nettles, with loss payable clause to the bank, as mortgagee.

The answer of the defendant insurance company was that there had been a change of interest, title or possession of the insured property in violation of the provisions of the policy, and that the bank had violated the provisions of the mortgage clause in failing to notify the insurance company of such change of interest, title, or possession.

The trial Judge ordered that Eugene E. Nettles and Ellison De Witt be made parties defendant to the suit, and they filed answers. The cause was heard on March 31, 1933, before Hon. M. S. Whaley, County Judge for Richland County. When the testimony of the plaintiff was completed, the defendant offered no testimony, but made a motion for a directed verdict in its favor. The trial Judge refused the

motion, took the case from the jury, and in a prepared order adjudged that the plaintiff was entitled to judgment for the principal sum plus interest and costs. From the entered judgment this appeal is taken.

The appealing insurance company served upon the respondent two exceptions, but, as the second one was abandoned, only the first is considered. It is herewith set out in full. "In that the Court erred in refusing the motion for direction of verdict as to the respondent Federal Land Bank of Columbia, S. C., it being respectfully submitted that the undisputed evidence showed that a change in the interest, title or possession of the insured in the subject of insurance had taken place in violation of the provisions of the policy and that such change not having been notified by the respondent to the appellant within a period of thirty days thereof as provided in the mortgage clause attached to the policy, the policy was void and the respondent was not entitled to recover thereon."

It becomes necessary to state more in full some of the admitted facts in this case.

The bank had loaned to Eugene E. Nettles the sum of $10,000.00 and had taken a mortgage upon his farm as security; there being a dwelling house upon the land. The house was insured for $2,400.00, and attached to the policy was a mortgage clause providing that the loss, if any, should be payable to the bank. The mortgage clause contained the following provisions: "It is hereby agreed that this insurance as to the interest of the Bank only therein shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or any other proceedings or notice of sale relating to the property, nor by any change in the interest, title, possession or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy."

It also contained this provision: "It is still further agreed that should the title to said property become vested in the

Bank as owner this insurance will continue for its benefit; if, however, the whole or any part of the premium shall at that time be unpaid then and in that event the Bank upon demand will pay the same; *Provided,* That notice of such transfer of the title shall be given by it to this Company within thirty days from the date thereof."

On January 26, 1931, the bank filed its suit in foreclosure which resulted in a judgment of foreclosure and sale; the amount of the money judgment against Nettles being the sum of $9,069.50 plus $300.00 attorney's fees, with interest at 7 per cent. to November 13, 1931. The property was sold on December 7, 1931, and was bid in by the bank for $3,-175.00, and on the same day the bank received a deed from the Probate Judge; the deed being recorded on December 10, 1931. The report on sales was filed, and the sale confirmed on January 4, 1932. On January 19, 1932, the dwelling was totally destroyed by fire. The view of the appealing insurance company is that it was the duty of the bank to notify it that title to the property had been taken in the name of the bank within thirty days from December 7, 1931, the day the property was bid in and a deed therefor accepted. It relied upon the quoted provision of the mortgage clause.

The position of the bank is that the notice of change of ownership, as relied upon by the appellant, is not necessary where the mortgagee acquires title to the property. It also seeks to sustain the judgment upon the ground that the fire occurred within thirty days of the date of confirmation of the sale and that the transfer of title or ownership was not complete until the sale was confirmed.

In support of the latter contention, the case of *McIver v. Thompson,* 117 S. C., 175, 108 S. E., 411, 416, is cited. This case says: "It is the order of confirmation that gives validity to the deed."

This case then holds: "The order of confirmation gives to the sale the judicial sanction of the Court, and when made *it relates back to the time of the sale."* (Italics supplied.)

The confirmation, therefore, made the deed complete as of the date of the deed, and the notice of change of ownership, if necessary, should have been given within thirty days from December 7, 1931.

The paragraph first quoted from the mortgage clause taken in connection with the second quoted paragraph would indicate that reference was made to a sale to a third party and not to the bank. In that situation the interest of the bank would not be invalidated by foreclosure, failure to give notice, charge of ownership, or by increased hazards. The second quoted paragraph applies when the title becomes vested in the bank as owner of the property, and under this paragraph is found the provision as to the thirty-day notice of change of ownership. If, therefore, the notice was necessary and was not given within thirty days from the completed transfer, which we conclude to be December 7, 1931, a verdict should have been directed for the appellant.

It does not appear that this precise question has ever been decided in this State, nor do we think any statutory provision is broad enough to cover it. The respondent cites Section 7978 of the Code, but we fail to grasp the direct applicability of that section to the question here involved.

It is as follows: "Hereafter any clause in any policy of insurance purporting or undertaking to limit or invalidate the force of such policy in case of encumbrance by real estate mortgage of the property insured by such policy, shall be, and the same is hereby, declared to be null and void."

An investigation of the decisions of other states reveals the law as hereinafter declared.

The question is by no means free from doubt, and the decisions from other states are in direct conflict. For instance, the *Massachusetts case* of *Boston Co-operative Bank v. American Central Insurance Co.*, 201 Mass., 350, 87 N. E., 594, 23 L. R. A. (N. S.), 1147, holds that the policy is void when the sale is made without the consent of the in-

surance company and that a sale by foreclosure is such a sale as is contemplated by the policy even though the mortgagee becomes the purchaser. Many cases, especially in the arguments of counsel, are cited to sustain this view. As opposed to this holding, we find about an equal number of cases cited to sustain the contrary view. Likewise in the note to that case are numerous cases both *pro* and *con*. See, also, *Phenix Ins. Co. v. Omaha Loan & Trust Co.*, 41 Neb., 834, 60 N. W., 133, 25 L. R. A., 679.

In none of the cases examined has the direct point herein involved been decided. They all seem to refer to the usual mortgage clause as prepared by insurance companies and, even then, the decisions are very conflicting.

But here the situation is entirely different. The mortgage clause was prepared by the bank, presumably for its own protection, and the second clause quoted above was placed into the contract for a definite purpose.

This clause differs from the first clause quoted, and applies to the ownership of the property by the bank, whether it be by conveyance through foreclosure or otherwise. The bank imposed upon itself the duty of giving notice to the insurance company of any change of ownership within thirty days, and has failed to carry out this duty. The meaning of the clause is perfectly clear and unambiguous. It says that, if the title to the property shall become vested in the bank, *it* (the bank), shall give notice of *such* transfer of the title. Not having performed its own prepared contract, the bank cannot now be heard to claim the benefit of the insurance which it allowed to become void through its own neglect.

The judgment of this Court is that the judgment of the Company. Judgment for plaintiff, and defendant appeals.

Mr. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.