BOOKER T. THEATRE COMPANY *v.* GREAT AMERICAN INSURANCE COMPANY OF NEW YORK.

1. INSURANCE—LIENS—CONTINGENT INDEBTEDNESS—DISCHARGE SUBSEQUENT TO LOSS.

   One holding a lien on·property, given to secure payment of an existing indebtedness has an insurable interest even though the indebtedness be contingent and not discharged until subsequent to the loss insured.

2. SAME—FIRE POLICY—STANDARD MORTGAGE CLAUSE—INDEPENDENT CONTRACT.

   The standard mortgage clause of a fire insurance policy which makes the mortgagee payee and stipulates that the insurance shall not be invalidated by the mortgagor's acts or neglect, constitutes an independent contract between the mortgagee and the insurer, the subject-matter of the insurance being the mortgagee's insurable interest, and not the real estate, and the risk will not be avoided by conduct of the mortgagor or owner prior or subsequent to, or at the time of, the issuance of the policy.

3. SAME—STANDARD MORTGAGE CLAUSE—CONTINGENT LIABILITY OF MORTGAGEE.

   Standard mortgage clause in fire insurance policy, setting forth that loss or damage, if any, should be payable to the mortgagees as interest may appear, protected them as to existing claims and contingent liabilities alike even though the discharge of the contingent liability was after the premises had been largely destroyed by fire.

4. SAME—FIRE POLICY.

   The rights of parties to a contract of fire insurance become fixed as of the time of the fire.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur, Insurance §§ 432, 433, 443.
[2, 3, 5] 29 Am Jur, Insurance §§ 731, 732.
   Independent contract theory or creditor-beneficiary theory as regards status of mortgagee under mortgagee clause in policy of fire insurance, 124 ALR 1034.
[4] 29A Am Jur, Insurance § 1286 *et seq.*

5. SAME—STANDARD MORTGAGE CLAUSE—LOSS OF SECURITY—PRESENT
AND CONTINGENT INDEBTEDNESS.

> Intervening plaintiffs, as lien holders of premises largely de-
> stroyed by fire, *held*, entitled to recover under standard mort-
> gage clause for loss of security not only to the extent of exist-
> ing indebtedness as of the date of the fire but also as to pay-
> ments subsequently made by them pursuant to the liability
> assumed by their indorsements of notes which they were
> required to pay.

Appeal from Wayne; Kaufman (Nathan J.), J.
Submitted March 6, 1963. (Calendar No. 74, Docket
No. 50,021.) Decided April 5, 1963.

Action by Booker T. Theatre Company, a Michigan
corporation, against the Great American Insurance
Company of New York, a foreign corporation, on
insurance policy for fire loss. Benjamin Fishman
and John Sklar intervened as parties plaintiff seek-
ing reimbursement under standard mortgage clause
for sums advanced prior to fire and payment of
contingent liabilities thereafter. Summary judg-
ment for intervening plaintiffs. Defendant appeals.
Affirmed.

*Honigman, Miller, Schwartz & Cohn* (*John Sklar,*
of counsel), for intervening plaintiffs.

*Davies & Moesta* (*Rodman C. Moesta,* of counsel),
for defendant.

CARR, C. J. This case involves the right of inter-
venors, as lien holders, to recover on a policy of fire
insurance issued by defendant on January 11, 1957.
Said policy in terms undertook to indemnify the
plaintiff Booker T. Theatre Company against loss or
damage by fire to its property to the extent of
$235,000, with an additional coverage of $12,000 on
contents. Intervenor plaintiffs Fishman and Sklar
were included in the policy as loss payees under a

standard mortgage clause dated December 6, 1957.

The facts in the case have been stipulated. Intervenor plaintiffs loaned money to the owners of the property covered by the insurance policy and also incurred liability as indorsers on promissory notes of said owners. Pursuant to agreements between the parties intervenors were given a lien on the property as security "for all of the obligations, contingent or otherwise, on the part of said Saul Korman to or on behalf of second parties, including, in particular, certain leasehold obligations to one Margaret White Hall as lessor of said National Theatre premises." The insured property was destroyed, or nearly so, by fire occurring January 9, 1961. Prior thereto intervenors had made loans in the sum of $7,500 to the owners and had assumed liability as indorsers on 2 notes, each for $5,000, and on a third note in the sum of $35,000 which is not involved in the instant litigation.

Following the fire plaintiff brought suit on the policy of insurance, and by agreement of the principals in the case the right to intervene was granted to appellees Fishman and Sklar. Said intervenors filed a declaration asserting their right to recover under the policy by virtue of the standard mortgage clause therein contained. So far as material, said clause read as follows:

"Loss or damage, if any, under this policy, shall be payable to John Sklar and Benjamin Fishman mortgagee [or trustee] as interest may appear, and this insurance, as to the interest of the mortgagee [or trustee] only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are

permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee [or trustee] shall, on demand, pay the same."

Intervenors alleged in their pleading that at the time of the fire the owners of the property were indebted to them to the extent of the unpaid balance of moneys advanced by them, and that they had assumed contingent liability as indorsers on obligations executed by the owners. From the stipulation of facts it appears that the unpaid balance of the loans referred to at the time of the fire was $3,500, and that subsequently as the $5,000 notes referred to fell due intervenors "were required to and did pay both the principal and interest accruing thereon." The aggregate amount so paid was $10,900. It was the position of the defendant that intervenors were entitled to recover the sum of $3,500 due them at the time of the fire for money advanced to the owners of the property, that the liability under the mortgage was limited to that amount, and that the claim of intervenors with reference to the subsequent payments made by them because of their prior assumption of contingent liability as indorsers on the notes in question was not well-founded as a matter of law.

A motion for summary judgment was filed by intervenors. Defendant filed an affidavit of merits setting up its claim that as a matter of law its liability was limited to the sum of $3,500. Following a hearing on the motion the trial judge concluded that intervenors had an insurable interest by virtue of their lien, which was in the nature of a mortgage, that as a matter of law liability under the mortgage clause in the policy was fixed as of the time the loss occurred, and that intervening plaintiffs were entitled to recover the amounts that they had been

required to pay by virtue of the contingent liability that they had assumed as indorsers on the notes. Judgment was accordingly entered in favor of intervening plaintiffs in the sum of $12,400, which included the principal and interest on the notes paid and a balance of $1,500 on advances, previously made, to the owners of the property. From the judgment, defendant has appealed.

As appears from the stipulation of facts, intervenors were required to pay the notes by virtue of the obligation that they had assumed as indorsers thereon. The question in the case is whether intervenors by virtue of the lien on the insured property given them as security for existing indebtedness were entitled to rely on the policy of insurance for indemnity because of subsequent discharge of contingent liability assumed prior to the fire. That a lien holder of such character has an insurable interest is not open to question. In 29 Am Jur, Insurance, § 453, p 790, it is said:

"Wherever property, either by force of law or by the contract of the parties, is so charged, pledged, or hypothecated that it stands as a security for the payment of a debt or the performance of a legal duty, each of the parties—the owner of the lien, and the person against whose property it exists—has an insurable interest in the property. The interest of a lien holder is an insurable one despite the fact that he may sue his debtor personally or that the interest is subject to contingencies."

It is further stated in said text (§ 457, p 792) that:

"A mortgagee of real or personal property has an insurable interest to the extent of the mortgage debt, even after he has assigned the mortgage, if he has guaranteed its payment or is liable upon his indorsement of the notes secured by the mortgage."

Among other decisions cited in support of the foregoing statement are *Williams* v. *Roger Williams Ins. Co.,* 107 Mass 377 (9 Am Rep 41); and *Phenix Ins. Co.* v. *Omaha Loan & Trust Co.,* 41 Neb 834 (60 NW 133, 25 LRA 679). Of like import is *Insurance Companies* v. *Thompson,* 95 US 547 (24 L ed 487). See, also, *Crossman* v. *American Insurance Company of Newark, N. J.,* 198 Mich 304 (LRA1918A, 390).

The interpretation of the so-called standard mortgage clause in a policy of insurance was considered in *Citizens State Bank of Clare* v. *State Mutual Rodded Fire Ins. Co. of Michigan,* 276 Mich 62. After holding that the insured named in the policy had an insurable interest notwithstanding a claimed agreement on his part to make reconveyance of the property to his grantor, the Court quoted with approval from 5 Couch, Cyclopedia Insurance Law, § 1215b, p 4435, as follows:

" 'The so-called "standard" or "union" mortgage clause, making the mortgagee payee, and stipulating that the insurance shall not be invalidated by the mortgagor's acts or neglect, constitutes an independent contract between said mortgagee and insurer, and in such case the subject-matter of the insurance is the mortgagee's insurable interest, and not the real estate, and the risk will not be avoided by any acts, representations, or omissions of the mortgagor or owner, whether done or permitted prior or subsequently to, or at the time of, the issuance of the policy.' "

In the case at bar the intervenors admittedly had a lien in the nature of mortgage security on the property covered by the insurance policy. That lien in terms protected them as to existing claims and contingent liabilities alike. Such was the holding of the trial court and we are in accord therewith. As mortgagees, intervenors were entitled to be indemnified because of the loss of their security by way of lien,

not only with reference to existing indebtedness, but also as to existing obligations which they were subsequently required to discharge.

The case of *Lititz Mutual Insurance Company* v. *Barnes,* 248 F2d 241, decided by the United States court of appeals of the fifth circuit in 1957, involved the right of a mortgagee of property to recover from the insurer because of loss resulting from fire. The policy of insurance involved contained the New York standard mortgage clause. The owner of the property at the time of the issuance of the policy was George H. Jay who subsequently conveyed to Elmer Russell Wood. The consideration for such conveyance included the assumption of an outstanding mortgage. By indorsement on the policy the name of the insured was changed to Wood. The latter conveyed to another a few hours before the fire occurred. The question involved in the case was whether Wood had an insurable interest at the time of the fire. Commenting on that angle of the litigation the court said (pp 244, 245):

"A few hours before the fire, the insured Wood had parted with the ownership of the property. He remained liable, however, though as between himself and Curb, secondarily liable, for the payment of the Feibelman mortgage. Appellants concede, as they must, that Wood still had an insurable interest for protection against such liability. *Union Insurance Society of Canton* v. *Sudduth* (1925), 212 Ala 649 (103 So 845, 847).

"The limitation in the insuring clause of the policy, 'nor in any event for more than the interest of the insured,' makes it necessary to determine the extent of the insurable interest remaining in Wood after he had conveyed title to the property. We are of the opinion that that interest extended to the full amount of the mortgage debt for which Wood remained liable. As between himself and the insurance company, Wood did not have to speculate on whether the mort-

gage debt would be paid by Curb, nor on whether it could be collected by foreclosure on the property remaining after the fire. Under the policy, he had a right to look to the insurance as a primary source of protection against his liability. *Strong* v. *Manufacturers' Ins. Co.*, 10 Pick (27 Mass) 40 (20 Am Dec 507); *Buck* v. *Phoenix Ins. Co.* (1885), 76 Me 586; *Jenks* v. *Liverpool & London & Globe Ins. Co.* (1910), 206 Mass 591 (92 NE 998); 6 Appleman, Insurance Law and Practice, § 3868, p 230; 2 Couch, Cyclopedia of Insurance Law, § 407, pp 1180, 1181; 1 Jones, Mortgages (4th ed), § 397, p 301; 44 CJS, Insurance, § 187, pp 883, 884.

"We do not mean to hold that Wood could have collected the insurance without applying it to the mortgage debt. That was not attempted. What we do hold is that, under the policy, Wood was clearly entitled to protection against his liability for the mortgage debt."

Counsel for appellant cite and rely on *First Federal Savings & Loan Ass'n of Westfield* v. *American Equitable Assur. Co. of New York*, 84 F Supp 519, decided by the United States district court (New Jersey) June 6, 1949. In that case the action was brought on a fire insurance policy issued by the defendant to the owner of certain property. The plaintiff savings and loan association held a mortgage on the property as security for installment loans that were to be made as the owner proceeded with the work of construction of certain buildings. The policy contained the New Jersey standard mortgage clause providing for payment to the mortgagee "as interest may appear." Two of the buildings covered by the policy were damaged by successive fires to the extent of $8,350. Subsequent to the fire the plaintiff advanced the sum of $5,000 to the owner in order to permit the payment of a note held by a bank. Plaintiff mortgagee sought to recover on the policy the full amount of damage to the buildings being con-

structed. At the time of the fire loss the owner owed plaintiff the sum of $4,500. The question at issue was whether the liability to plaintiff under the policy exceeded that amount. Plaintiff contended that it was under legal obligation to make the subsequent advance in order to permit the payment of the note given by the owner to the bank. The court, however, rejected this claim, saying (p 521):

"It is our opinion that the legal obligation of the plaintiff to make further advances, if there was such an obligation, ceased when the security was partially destroyed by fire. See *Lumbermen's Ins. Co.* v. *Russo,* 108 NJ Eq 407 (155 A 388, 389 and 390)."

In view of the facts involved we do not think the case is in point in the instant controversy. The language of the court implies that had there been a legal obligation to make subsequent payments plaintiff's claim as to the right to recover therefor would have been upheld. In the case at bar intervenors were bound by their indorsements on the notes that they were required to pay after the fire occurred.

The case of *Pink* v. *Smith,* 281 Mich 107, also cited by counsel for defendant, upheld the right of a mortgagee to recover on an insurance policy notwithstanding the act of the owner in repairing the damage caused to the insured building by a fire. The decision is not in point on any disputed issue raised in the case at bar. The Court recognized the general rule, as did the trial court in the instant case, that the rights of the parties were fixed as of the time of the fire. Under the situation here presented appellees had the right to claim that under their contract with defendant they were entitled to be indemnified for the loss of their security not only to the extent of existing indebtedness as of the date of the fire but also as to payments subsequently made by them pursuant to the liability assumed by their indorse-

ments of the notes which they were required to pay.

We are impressed that the trial judge correctly determined the question at issue, and the judgment entered is affirmed.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.