2 Ill. App.3d 77 (1971)
276 N.E.2d 109
GUARDIAN SAVINGS & LOAN ASSOCIATION, Plaintiff-Appellant,
v.
RESERVE INSURANCE COMPANY, Defendant-Appellee.
No. 54806.
Illinois Appellate Court  First District.
October 12, 1971.
Kralovec, Swerney, Marquard & Scoby, of Chicago, for appellant.
Heineke, Schrader, Marsch & Cuncannan, of Chicago, (Paul H. Heineke, of counsel,) for appellee.
Judgment reversed.
Mr. JUSTICE STAMOS delivered the opinion of the court:
Plaintiff appeals from a judgment wherein the court found that defendant properly denied plaintiff's claim on a fire insurance policy. On appeal plaintiff contends that the trial court erred in construing the provisions of the mortgage clause of the fire insurance policy.
Plaintiff held a mortgage on the subject property, legal title to which was vested in Cosmopolitan National Bank of Chicago, as trustee. Defendant issued a fire insurance policy on the property designating Cosmopolitan as the named insured and plaintiff as the loss-payee under the standard mortgage clause. The policy provided as pertinent herein:
"Loss or damage, if any, under this policy, shall be payable to (herein the name of the mortgagee) Mortgagee [or trustee] as interest may appear and this insurance as to the interest of the mortgagee [or *78 trustee] only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy, provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee [or trustee] shall, on demand, pay the sum.
Provided also, that the mortgagee [or trustee] shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee [or trustee] and, unless permitted by this policy, it shall be noted thereon and the mortgagee [or trustee] shall, on demand, pay the premium for such increased hazard for the term of the use thereof, otherwise this policy shall be null and void."
Subsequent to the issuance of the policy and within the policy period, foreclosure proceedings were instituted by plaintiff and a quit-claim deed was delivered by Cosmopolitan to plaintiff on March 23, 1967. The deed was recorded on May 3, 1967.
On May 6, 1967, a fire ensued on the premises and a claim was made by plaintiff on the policy. Upon defendant's refusal to pay, plaintiff instituted the instant suit resulting in the judgment in favor of defendant.
The pleadings and admissions of fact establish that had plaintiff requested defendant to accept an assignment of the policy to plaintiff, it would have been routinely accepted; that the change in title resulted in no increase in the risk and that the parties in possession before foreclosure remained in possession after conveyance of title to plaintiff.

OPINION
 1, 2 Plaintiff contends that the provisions of the mortgage clause clearly entitle it to recovery on the policy. However, defendant maintains that plaintiff's insurable interest at the time of the loss was that of owner and not mortgagee and that, therefore, it is not entitled to recover since the policy in question only insured plaintiff's interest as mortgagee. Defendant further maintains that even if the policy is construed to cover plaintiff's ownership interest, it still cannot recover, since plaintiff failed to notify defendant of any change in ownership as required by the second paragraph of the mortgage clause.
We cannot agree with defendant's initial argument. In School Trustees v. St. Paul Ins. Co., 296 Ill. 99, the court was confronted with a mortgage clause almost identical to that in the present case. It is significant to note that at page 103 the court stated:

*79 "It is admitted that by the agreement the insurance was not to be invalidated by a foreclosure, which could only apply in case the plaintiff became the purchaser, for the reason that if anyone else had purchased the plaintiff would not have had any further insurable interest."
Therefore, since the clause only has meaning where the mortgagee purchases upon foreclosure, it is apparent that the provisions of the mortgage clause in question were clearly intended to cover the mortgagee's interest as it succeeded to ownership through foreclosure.
Defendant's second argument is that plaintiff cannot recover since it failed to notify defendant of the change in ownership. While defendant admitted that assignment of the policy would have been routinely accepted, it maintains that the right to receive notification was valuable. The value of this right as urged by defendant is that under the mortgage clause the insurer is given the right to receive assignment of the mortgage debt upon payment of the proceeds of the policy to the mortgagee. Therefore, when the mortgage is extinguished by foreclosure, the insurer's rights to assignment are similarly extinguished and it is important for the insurer to be notified of this fact.
However, defendant fails to explain the manner in which the knowledge of the extinguishment of this right could be utilized to the insurer's benefit. Furthermore, the entire tenor of the mortgage clause is to extend coverage under various contingencies to the mortgagee. One of those contingencies was to extend coverage to the mortgagee irrespective of whatever interest in the subject property the mortgagee might succeed to after foreclosure. In so doing the defendant insurer agreed to accept assignment of the policy in the event foreclosure resulted in plaintiff mortgagee's ownership of the subject property. Therefore, the notice provision on the mortgage clause was of no benefit to defendant.
In view of the foregoing, we find that plaintiff's breach in failing to notify defendant of the change in ownership was not substantial and did not excuse defendant's performance.
The judgment is reversed.
Judgment reversed.
LEIGHTON, P.J., and SCHWARTZ, J., concur.