CONSOLIDATED MORTGAGE CORPORATION v AMERICAN
SECURITY INSURANCE COMPANY

OPINION OF THE COURT

1. INSURANCE—FIRE INSURANCE—STANDARD MORTGAGE CLAUSE—
FORECLOSURE—PERIOD OF REDEMPTION—LIABILITY OF INSURER—
NOTICE TO INSURER.

A foreclosure by a mortgagee on a residence is not regarded as a
change of ownership of the property for purposes of a standard
mortgage clause in a fire insurance contract covering the
property such as to require notice to the insurer prior to the
expiration of the period of redemption; however, where a
mortgagee has acquired title to the property pursuant to a
foreclosure and has been insured under a standard mortgage
clause of a mortgagor's insurance policy, the liability of the
insurer to the mortgagee will not extend beyond the expiration
of the mortgagor's period of redemption, absent express agree-
ment by the insurer.

2. INSURANCE—FIRE INSURANCE—LIABILITY OF INSURER—CHANGE OF
OWNERSHIP—NOTICE TO INSURER—RISK.

An insurer cannot be held liable on a risk which it did not elect
or choose to assume; therefore, where a mortgagor conveys real
property to a "stranger" to an insurance contract, a new
contract must be negotiated or the insurer must consent to an
assignment before the insurer assumes any liability, and the
failure on the part of a mortgagee to give notice to an insurer
of a change of ownership to the stranger will render the
insurance policy inoperative.

DISSENT BY R. M. MAHER, J.

3. INSURANCE—FIRE INSURANCE—STANDARD MORTGAGE CLAUSE—
FORECLOSURE—CHANGE OF OWNERSHIP—NOTICE TO INSURER.

*A standard mortgage clause in a fire insurance contract creates a
separate insurance contract between a mortgagee and an in-*

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 43 Am Jur 2d, Insurance §§ 843, 890.

surer whereby the insurer agrees to provide coverage for the mortgagee's interests in the insured property even if there has been a foreclosure by the mortgagee, or other proceedings, or notice of sale relating to the property, or a change in the title or ownership of the property and one of the mortgagee's obligations is to notify the insurer of any change of ownership.

4. INSURANCE—FIRE INSURANCE—STANDARD MORTGAGE CLAUSE— CHANGE OF OWNERSHIP—FORECLOSURE—INCREASE IN INTEREST —NOTICE TO INSURER.

The term "change of ownership" in a standard mortgage clause in a fire insurance policy refers to an acquisition of an interest in the insured property by someone other than the mortgagee, therefore, where a mortgagee has only increased its interest in the insured property, through foreclosure, that increase of interest cannot be used by an insurer to deny coverage to a mortgagee under the provision requiring notice when there is a change of ownership.

Appeal from Wayne, James L. Ryan, J. Submitted December 9, 1975, at Detroit. (Docket No. 23953.) Decided May 28, 1976.

Complaint in the Common Pleas Court for the City of Detroit by Consolidated Mortgage Corporation and Paul Revere Insurance Company against American Security Insurance Company to determine the defendant's liability, if any, to the plaintiffs under a fire insurance policy, issued by the defendant, which contained a standard mortgage clause. The trial court's judgment for the defendant, on a directed verdict, was affirmed by the circuit court. Plaintiff appeals by leave granted. Affirmed.

*Bacalis & Associates, P. C.* (by *James C. Klemanski),* for plaintiffs.

*Hyman and Rice* (by *Jefferson F. Riddell),* for defendant.

Before: V. J. BRENNAN, P. J., and R. M. MAHER and G. W. BRITTEN,* JJ.

V. J. BRENNAN, P. J. Plaintiffs, Consolidated Mortgage Corporation and Paul Revere Insurance Company, appeal from an order of the Wayne County Circuit Court affirming a grant of defendant's motion for a directed verdict entered in the Common Pleas Court for the City of Detroit.

On October 1, 1970, defendant, American Security Insurance Company, issued a fire insurance policy to one Mary Lee Harris, insuring her residence at 5738 Hurlbut Avenue, Detroit, Michigan. The policy was endorsed so as to show the interest of plaintiff Paul Revere Insurance Company as mortgagee and contained the standard mortgage clause protecting plaintiff's interest. The clause provided as follows:

"Loss or damage, if any, under this policy, shall be payable to the mortgagee (or trustee), named on the first page of this policy, as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in the case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

"Provided also, that the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

the mortgagee (or trustee) shall, on demand, pay the premium for each such increased hazard for the term of the use thereof; otherwise this policy shall be null and void."

Sometime late in the year of 1970, plaintiff, Paul Revere Insurance Company, initiated foreclosure proceedings by publication. Mary Lee Harris abandoned her home sometime thereafter. Plaintiff's records show that it discovered that the property was vacant on December 9, 1970, and a notation on the record suggested that the property should be boarded. The records show further that the property was boarded up and secured on January 1, 1971. The records show inspection by an agent of the plaintiff on May 6, 1971, and on June 7, 1971. The mortgagor's period of redemption expired on July 14, 1971. On July 30, 1971, the property was severely damaged by fire. An agent of plaintiff inspected the property again on August 4, 1971, and noted the fire damage in the attic. The Detroit Fire Department opined that the fire was caused by a trespasser who either intentionally or accidentally caused the fire. The identity of the person or persons responsible has not been discovered.

A few weeks later, defendant was informed of the fire by a public adjuster acting as agent for plaintiff. The defendant denied liability on the grounds that Paul Revere Insurance Company failed to fulfill its obligations under the standard mortgage clause quoted above. This suit was filed in Common Pleas Court to test defendant's denial of liability. The trial judge in Common Pleas Court granted defendant's motion for a directed verdict which was subsequently affirmed on appeal to the Wayne County Circuit Court. Thereafter we granted leave to appeal.

The dispositive issue on appeal is whether the mortgagee breached its duty under the standard mortgage clause to give notice to the insurer of "any change of ownership or occupancy or increase of hazard" as required by the policy as a condition for maintaining insurance coverage.

This writer dealt with a very similar issue in the case of *Federal National Mortgage Association v Ohio Casualty Insurance Co,* 46 Mich App 587; 208 NW2d 573 (1973), *lv den,* 390 Mich 762 (1973). In that case, a fire caused extensive damage to an insured home after a sheriff's sale pursuant to a foreclosure but prior to the expiration of the period of redemption. Thus, this Court was called upon to decide whether a foreclosure by the mortgagee would be regarded as a "change of ownership" such as to require notice to the insurer under the policy prior to the expiration of the period of redemption. We held in the negative, citing 43 Am Jur 2d, Insurance, § 890, p 852, as follows:

" 'Under a policy containing a union or standard mortgage clause, the mortgagee's interest is regarded as separately and independently insured, and his acquisition of title to the insured property is generally regarded as an increase of interest, rather than a change of ownership.' " 46 Mich App at 591; 208 NW2d at 575.

In the case at bar we are called upon once again to construe the standard mortgage clause, and we are invited by plaintiff to extend the rule of *FNMA v Ohio Casualty Insurance Co* to a time frame beyond the period of redemption. We decline the invitation.

The standard mortgage clause, sometimes referred to as a "union clause", is uniformly construed by the courts as a separate contract of insurance

between the mortgagee and the insurer, which serves to protect the mortgagee's interest in the property. See *Booker T Theatre Co v Great American Insurance Co of New York,* 369 Mich 583; 120 NW2d 776(1963), and cases cited therein. While the mortgagee does not pay a premium to the insurer for this insurance contract, he does furnish consideration therefor by promising to give notice to the insurer of changes in the status of the property which would increase the insurer's risk. By this arrangement, the mortgagee's claim is not derivative of the mortgagor's claim, and the mortgagee might be able to recover proceeds from the policy notwithstanding acts or omissions by the mortgagor which would cause the policy to be invalid as to the mortgagor.

It is elementary that an insurer cannot be held liable on a risk which it did not elect or choose to assume. See *Kaczmarck v La Perriere,* 337 Mich 500; 60 NW2d 327 (1953). The theory is that the insurer has a right to assess the risks attendant upon the proposed insured and adjust its rate accordingly. See *Shores v Rabon,* 251 NC 790; 112 SE2d 556 (1960). Thus, if the mortgagor conveys real property to a stranger, a new contract of insurance must be negotiated or the insurer must consent to an assignment. It is clear, therefore, that failure on the part of the mortgagee to give notice to the insurer of a "change of ownership" under such circumstances will render the insurance policy inoperative. We think this is more a technical rather than a real consideration, however. We take judicial notice of the fact that purchasers of residential real property routinely are assigned the seller's insurance policy, and "consents" by insurers are a matter of course. Yet, in construing the standard mortgage clause, courts

have generally held that a transfer of title to a "stranger" without giving notice to the insurer will invalidate the policy. See 11 Couch on Insurance (2d ed), § 42:732, pp 371–372.

In cases where the mortgagee acquires title to property pursuant to a foreclosure, sheriff's sale and the running of the period of redemption, however, courts have reached a different result. The acquisition of title by the mortgagee is not generally construed to be a "change of ownership" but rather an increase of interest, on the theory that the mortgagee is not a stranger to the insurance contract, and that his change from mortgagee to fee title holder is a mere change of status. Courts have been unwilling, therefore, to allow the insurer to deny liability based on a change of the mortgagee's status. This was the view expressed by this writer in the case of *FNMA v Ohio Casualty Insurance Co, supra.* We think the rule announced in that case was a good one. The period of redemption had not run, and the mortgagor had a right to reenter the property and remain therein until the period of redemption had run. We do not think it is an unfair burden upon the insurer to continue coverage at homeowner's rates as long as there was a possibility that the mortgagor would redeem the property.

In the case at bar the plaintiff was informed that the property was vacant over seven months before the fire occurred, and the property was boarded up over six months before the damage. No doubt if they had informed the insurer of this change, the insurer would have either cancelled the coverage or demanded much higher rates to insure a vacant, boarded-up property. By failing to notify insurer, plaintiff had the benefit of continued coverage at homeowners rates. The parties did

not brief this issue on appeal, however, so we decline to ground our decision on the failure of the mortgagee to give notice to the insurer of the vacancy. Such a rule might not be wise policy in any event, because it might serve to discourage inspections by the mortgagee, and thus contribute to the decay of foreclosed properties, particularly urban properties. As matters now stand, however, we can see nothing which would prevent a mortgagee from negligently or intentionally failing to give notice to an insurer of a foreclosure and vacating by the mortgagor and, for an indefinitely long period of time, continue to have insurance coverage at low rates, notwithstanding the fact that the risk to the insurer would be substantially increased. We recognize that mortgagees, particularly when urban property is involved, have a difficult problem in procuring insurance to cover vacant and boarded up houses, but to hold the insurer liable in such a case as the one at bar would contravene the most elementary rules of contract law. A party who makes one bargain cannot have another bargain forced upon him.

Clearly, the running of the period of redemption after the mortgagee has acquired title in a sheriff's sale does not *ipso facto* increase the insurer's risk. Further, courts generally hold that acquisition of title by the mortgagee pursuant to a foreclosure is not the kind of "change of ownership", under the standard mortgage clause which would require notice to the mortgagee as it would if a third party purchased at the sheriff's sale. See 11 Couch on Insurance, 2d ed, § 42:730, p 370. Unless a third party has purchased, however, the running of the period of redemption means that, either shortly before or shortly after that point in time, the property will be vacated, since after that time the

mortgagor no longer has a right to occupy the property.

It has been said that one of the functions of the law is drawing lines. We think that this case is one which calls for some judicial line drawing, in the interest of wise social policy and in the interest of a clear rule of law to aid in the administration of justice. Accordingly, we hold that where a mortgagee has acquired title to property pursuant to a foreclosure and has been insured under a standard mortgage clause of a mortgagor's insurance policy, the liability of the insurer to the mortgagee will not extend beyond the expiration of the mortgagor's period of redemption, absent express agreement by the insurer. We think that the learned trial judge and the learned circuit judge who sat as a reviewing court in this case both reached the right result.

Affirmed.

G. W. Britten, J., concurred.

R. M. Maher, J. *(dissenting).* This Court granted leave to appeal from the Wayne County Circuit Court's affirmance of the directed verdict for defendant granted in Common Pleas Court. The circuit court decided but one issue, "whether the trial court erred in its conclusion that the acquisition of absolute title [by the mortgagee] * * * upon the expiration of the period of redemption following foreclosure of its mortgage, constituted a 'change of ownership' within the meaning of the standard mortgage clause of the fire insurance policy issued by the defendant". The majority, writing to affirm the circuit court, goes beyond deciding this single issue of policy construction.

The analysis of underwriting risks is interesting but it has no place in deciding this appeal. Nor

can the invocation of "the elementary rules of contract law" disguise a departure from those rules to achieve what the majority believes to be "the interest of wise social policy". Limiting my analysis to the single issue presented by this appeal, the meaning of "change of ownership" in the standard mortgage clause, I am forced to dissent from both the majority's approach and result.

The majority correctly recognizes that a standard mortgage clause, as distinguished from an open loss payable clause, creates a separate contract between the mortgagee and the insurer, *Booker T Theatre Co v Great American Insurance Co of New York,* 369 Mich 583; 120 NW2d 776 (1963); 5A Appleman, Insurance Law and Practice, § 3401; 11 Couch on Insurance (2d ed), § 42:694. It is then asserted, without support, that consideration for this contract is the promise to give notice to the insurer of changes in the property which would increase the insurer's risk.

"The consideration for the insurer's undertaking with respect to the mortgagee under the standard clause is the consideration for which the policy was itself issued to the mortgagor, and a standard mortgage clause creates a separate contract between the insurer and the mortgagee, and is enforceable by the mortgagee, even though it is merely engrafted onto the policy delivered to the mortgagor." 11 Couch on Insurance (2d ed), § 42:694, pp 348, 350.

Simply reading the standard mortgage clause is the best way to understand the obligations undertaken by the mortgagee and the insurer when an insurance policy containing a standard mortgage clause is issued. The clause provides:

"Loss or damage, if any, under this policy, shall be payable to the mortgagee (or trustee), named on the

first page of this policy, as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in the case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

"Provided also, that the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for each such increased hazard for the term of the use thereof; otherwise this policy shall be null and void."

The insurer has agreed to provide coverage for the mortgagee's interest in the insured property even if there has been a "foreclosure or other proceedings or notice of sale relating to the property" or a "change in the title or ownership of the property". One of the mortgagee's obligations is to notify the insurer of "any change of ownership".

The foreclosure referred to in the agreement can only mean foreclosure by the mortgagee, because if anyone else should purchase the property at foreclosure the mortgagee's insurable interest is extinguished. Construing the reference to foreclosure in the standard mortgage clause, the Appellate Court of Illinois said: "[I]t is apparent that the provisions of the mortgage clause in question were clearly intended to cover the mortgagee's interest as it succeeded to ownership through foreclosure".

*Guardian Savings & Loan Ass'n v Reserve Insurance Co,* 2 Ill App 3d 77, 79; 276 NE2d 109, 111 (1971). See also, 11 Couch on Insurance (2d ed), § 42:712.

There is no reason to read "foreclosure or other proceedings" and "change in * * * ownership" in the first paragraph of the standard mortgage clause quoted above as referring to the same occurrences. "Change in * * * ownership", it seems obvious, refers to acquisition of an interest in the property by someone other than the mortgagee. Unless the meaning of the words chosen by the insurance company varies from paragraph to paragraph in the insurance policy, it does not make sense to read "change of ownership" in the second paragraph of the standard mortgage clause as referring to an increase in the mortgagee's interest through foreclosure. As this Court stated in *Federal National Mortgage Association v Ohio Casualty Insurance Co,* 46 Mich App 587, 591; 208 NW2d 573 (1973), quoting from 43 Am Jur 2d, *Insurance,* § 890, p 852:

> "Under a policy containing a union or standard mortgage clause, the mortgagee's interest is regarded as separately and independently insured, and *his acquisition of title to the insured property is generally regarded as an increase of interest, rather than a change of ownership."* (Emphasis supplied.)

*FNMA* introduced no novel proposition by holding that increase of that interest could not be used by an insurer to deny coverage to a mortgagee under the provision requiring notice when there is a "change of ownership". In *Shores v Rabon,* 251 NC 790, 796; 112 SE2d 556, 561 (1960), the Supreme Court of North Carolina found ample support for a similar holding:

"With respect to the matter of notice of 'change of ownership' in a similar factual situation, it was said: ' "the proviso that the mortgagee should notify the defendant of any change of ownership which should come to its knowledge evidently has reference only to changes resulting from the acts of the mortgagor or owner of the equity of redemption." *The proviso has reference to a change or transfer of title or possession to a third person, not to one from the mortgagor to the mortgagee through a foreclosure.' Pioneer Savings & Loan Co v St Paul Fire & Marine Insurance Co,* 68 Minn 170; 70 NW 979, 980 (1897). See also *Washburn Mill Co v Fire Ass'n,* 60 Minn 68; 61 NW 828 (1895), *Guarantee Trust & Safe Deposit Co of Shamokin v Home Mutual Fire Insurance Co,* 180 Pa Super 1; 117 A2d 824 (1955), *Fort Scott Building & Loan Ass'n v Palatine Insurance Co,* 74 Kan 272; 86 P 142 (1906), *Glen Cove Trust Co v Trypuc,* 110 NYS2d 368 (Sup Ct, 1952), *Westchester Fire Insurance Co of New York v Norfolk Building & Loan Ass'n,* 14 F2d 524 (CA 8, 1926), *Royal Insurance Co v Drury,* 150 Md 211; 132 A 635; 45 ALR 582 (1926)." (Emphasis supplied.)

If "change of ownership" in the policy provision requiring notice refers to the acquisition of an interest in the property by a stranger to the original insurance contract, how can that provision be applied here? How is the passage of the period of redemption significant?

If the insurance company desired notice that the period of redemption after foreclosure had passed, it could have explicitly provided for such notice by the mortgagee. See *Federal Land Bank of Columbia v Agricultural Insurance Co of Watertown, NY,* 172 SC 109; 173 SE 295 (1934); *cf. Oregon Mortgage Co, Ltd v Hartford Fire Insurance Co,* 122 Wash 183, 189; 210 P 385, 387 (1922):

"If the insurance company had desired proofs of loss from the mortgagee, or notice of foreclosure and pur-

chase by the mortgagee, at the execution sale, it could
have incorporated such provision in the clause which
constituted its contract with the mortgagee. The change
of ownership mentioned in the clause *evidently refers
to a sale to some other person with whom the insurance
company was not under contract.*" (Emphasis supplied.)

Again I emphasize that the circuit court decided
but one issue—the meaning of "change of owner-
ship" in the standard mortgage clause. This Court
should limit itself to a review of that decision, and
not speculate on other matters.

I must dissent.