WRIGHT, Presiding Judge
(dissenting).
I respectfully dissent in this case. The majority has in my opinion extended the *1092 decision in Nationwide v. Wilborn beyond the facts upon which that case was decided. Nationwide relied upon and quoted from Rotholz. Rotholz held that the New York standard mortgage clause did not require that the mortgagee notify the company of a change of ownership when it foreclosed its mortgage prior to loss. The reason was that foreclosure with purchase by the mortgagee had not effected a change of ownership but merely increased the interest of the mortgagee. The court further held there was no change of occupancy because the mortgagor and insured had continued occupancy as a tenant of the mortgagee. Thus there had been no violation of the New York clause which placed the duty upon the mortgagee to notify the company of a change of ownership or occupancy.
However, in its decision the court, quoting from the case of Pioneer Savings, etc. v. St. Paul, etc. Ins. Co., 68 Minn. 170, 70 N.W. 979, speaking of the terms of the policy said as follows: “The proviso has reference to a change or transfer of title or possession to a third person, not to one from the mortgagor to the mortgagee through a foreclosure.” The court then said: “Our judgment is that the foregoing correctly states the law on the point just here in question.” I construe this statement from the Minnesota court to apply to the facts of this case. Here the mortgagee not only foreclosed and purchased at the foreclosure sale, it then sold its full interest, both as mortgagee and purchaser at the sale, to a third party and transferred both ownership and occupancy of the property to a third party. All of this without notice as required by the standard clause. The violation of the policy requirement of notice voided the policy. The transfer of title and occupancy and termination of the mortgagee’s interest by sale to a third party can only be viewed as an increase or change of risk to the insurer, and gives it no opportunity to decide if it wishes to continue its policy. I do not believe that Rotholz and Nationwide support the majority under the facts of this case, but to the contrary, Rotholz specifically reputes it. The fact that the bank, after the sale to the new owner, again assumed the interest of a mortgagee has no bearing. There was a new owner and occupant of whom the insurer was unaware. Fire insurance is sold and a policy issued to an insured, not a mortgagee. The mortgagee is merely a loss payee because of his relationship to the insured.